## LAWRENCE GILMAN *et al.*, APPELLANTS, *v.* THE COUNTY OF DOUGLAS, RESPONDENT.

PAYMENT OF GOLD COIN WARRANTS IN TREASURY NOTES. Where the holders of county warrants calling for gold coin accepted treasury notes for them, though protesting against payment in that currency, and surrendered the warrants: *Held*, that they could not afterwards recover the difference in value between the treasury notes and coin.

ACCEPTANCE OF TREASURY NOTES ON GOLD COIN CONTRACTS. If a creditor accepts treasury notes at par, in payment of a contract calling for coin, it is a complete satisfaction of the debt; and no action can, after the acceptance of such money, be maintained to recover the difference in value between it and coin.

ESTOPPEL—ACCEPTANCE OF PERFORMANCE OF CONTRACT. The acceptance of a performance differing from that contracted for, will estop the party so accepting, from afterwards taking advantage of the failure to perform in accordance with the contract.

RECEIVING PAYMENT IN TREASURY NOTES UNDER PROTEST. When a person entitled to be paid in coin receives payment in treasury notes, though at the same time protesting against payment in that kind of currency, he cannot retain such notes at a value not assented to by the other party, nor recover the difference in value between them and coin.

PROTESTING BY WORDS AND CONSENTING BY ACTS. A protest by a person against receiving payment in treasury notes, at the same time that he does receive them, places him in no better position than if nothing had been said, for the reason that, though he protests with his tongue, he consents by his acts.

APPEAL from the District Court of the Second Judicial District, Douglas County.

The facts are stated in the opinion of the Court. The plaintiffs were Lawrence Gilman and Rufus Adams.

*Clayton & Davies*, for Appellants.

*Clarke & Wells*, for Respondent.

By the Court, LEWIS, C. J.:

In the year 1865, the plaintiffs entered into a contract with the proper authorities of Douglas County to erect a court house, for the sum of eighteen thousand five hundred dollars, to be paid in gold or silver coin of the United States. The building was completed in accordance with agreement, accepted by the county, and warrants upon the building fund were duly issued to the plaintiffs for the full sum due them, several of which were paid in coin. About half the entire amount, however, was paid in treasury notes, the plaintiffs protesting against payment in that currency, but accepting the money and surrendering their warrants.

This action is now brought to recover the sum of four thousand dollars, claimed to be the difference between the value of the treasury notes paid, and gold or silver coin, which the contract called for. The question is raised upon general demurrer, whether upon these facts the plaintiffs are entitled to recover. The Court below held not, and our conclusion is, the decision is correct. That in the market there is a difference in value between treasury notes and gold and silver, and in all cases where the Act of Congress has not ordained otherwise the Courts will, in enforcing the rights of contracting parties, recognize that difference, are propositions which need in no wise be questioned in this case; nor will it be denied by counsel for appellants, that for the discharge of debts, where the parties have not stipulated for payment in any particular kind of money, dollars in treasury notes are the equivalent of dollars in gold or silver. Where the parties to a contract have designated the kind of money to be paid, this Court has held that such contract may be specifically enforced by a judgment in the kind of dollars agreed to be paid; without, however, holding that even in such case, a dollar in treasury notes is not equal to a dollar in coin,

Gilman *v*. The County of Douglas.

but simply that the contract between parties in such cases may be enforced according to its letter.   But where parties make no distinction between the different currencies, the Courts are compelled to treat them as equal for the payment of all private debts.   Hence, if nothing were said between the parties in this case as to the kind of money to be paid, a payment of the stipulated sum in greenbacks would unquestionably be held a complete satisfaction of the contract, and no action could, after the acceptance of such money, be maintained to recover the difference in value between it and any other kind of money.   Is the case different when, as in this case, the creditor accepts treasury notes at par, in payment of a contract calling for coin?   We think not.   As already stated, all debts may be discharged in treasury notes, at their par value, where the parties have not contracted for a different currency.   Where the difference in principle, if they contract for the payment of one kind, but the creditor afterwards accepts the other, the debtor tendering it as the equivalent of the currency agreed to be paid?   In the first case the equality of the currencies is acknowledged at the time of entering into the contract; in the latter, when the depreciated money is accepted in the execution of it.

As the right to recover coin, in payment of a debt, depends entirely upon the action and contract of the parties, the creditor who accepts treasury notes, at their par value, in payment of a debt payable in coin, is precisely in the same position as if he had not contracted for coin in the first instance.   The defendant tendered treasury notes in satisfaction of the warrants which were surrendered, and thus the contract between the parties was completely executed.   Not, it is true, according to its letter or spirit; but the plaintiffs accepted a performance by the defendant, different in character from what the contract called for.   Was not this a complete waiver of their right to subsequently claim damages for the failure to perform, in accordance with the contract?   This is not like the case of an acceptance of a part of a debt in satisfaction of the whole. In that case it might be said there was no consideration for the agreement to relinquish what remained; and therefore the balance might be recovered, notwithstanding the agreement to the contrary. But here the law made gold and treasury notes the equivalent for

the payment of this debt, unless the parties stipulated otherwise. They did at first so stipulate, and the payment might have been enforced in gold; but the subsequent acceptance of treasury notes, the defendant tendering them in satisfaction of the contract, places the plaintiffs in a position that they are estopped to deny that the contract was fully complied with. We take it to be law that the acceptance of a performance, differing from that contracted for, will estop the party so accepting from afterwards taking advantage of the failure to perform in accordance with the contract. Such is the position occupied by the plaintiffs.

The defendant did not agree that the notes should be taken at their actual value in the market, but tendered them in full satisfaction of the claim against it. Upon what principle then, can it be held that the plaintiffs could accept, and retain them at a value not assented to by the defendant, and recover the difference in value between them and gold? If the plaintiffs did not deem the payment in treasury notes a fulfillment of the contract, it was then their duty to reject them entirely and seek their remedy, if any they had, on the contract. That they protested against payment in paper, places them in no better position than if nothing had been said by them, as they afterwards voluntarily accepted it. They protested with the tongue, but assented by their acts.

Judgment affirmed.

JOHNSON, J., did not participate in the foregoing decision.