Argued March 2, affirmed March 16, 1960

# FOX ET AL *v.* KNIGHT ET AL
### 350 P. 2d 177

[ 1 ]

*James K. Gardner,* Hillsboro, argued the cause for appellants. With him on the brief were Gardner and Reeder, Hillsboro.

*Paul F. Bailey* and *Philip A. Levin,* Portland, argued the cause for respondents. With them on the brief were Bailey, Lezak, Swink and Gates, Portland, and O. David Zimring and Hans J. Lehmann, Chicago, Illinois.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY and HARRIS, Justices.

McALLISTER, C. J.

This is a suit brought by 40 members of the Amalgamated Association of Street, Electric Railway and

Motor Coach Employees of America (hereinafter called "Amalgamated") seeking to enjoin said union from renewing a collective bargaining agreement containing a provision alleged to be in violation of the union's constitution. The lower court sustained a demurrer to the fourth amended complaint and entered judgment for defendants from which plaintiffs appeal.

Plaintiffs allege that they are all former employees of Oregon Motor Stages, are all qualified for employment by Pacific Greyhound Lines, are all members of Amalgamated and are all members of Local Division 1055 of Amalgamated. Plaintiffs further allege that Amalgamated is a voluntary association of individuals comprising a national labor union with some 800,000 members living throughout the United States and that Local Division 1055 of Amalgamated is a voluntary association of individuals comprising a local labor union with some 1,000 members living in Oregon, Washington, Idaho, California and Utah. That Local Division 1055 is chartered by and is a subdivision of Amalgamated and that Amalgamated carries on its business as a labor union in Oregon through Local Division 1055.

Plaintiffs allege that they have all subscribed to and accepted the constitution and general laws of Amalgamated and that Local Division 1055 is affiliated with and has subscribed to and has accepted the constitution and general laws of Amalgamated.

In 1954 plaintiffs were employees of Oregon Motor Stages. On February 3rd of that year Pacific Greyhound Lines acquired a portion of the equipment and operating permits of Oregon Motor Stages which acquisition is referred to in the complaint as Segment No. 1. Later in 1954, Pacific Greyhound Lines acquired from Oregon Motor Stages another portion of its

equipment and permits which acquisition is called Segment No. 2.

In October, 1954, Local Division 1055 negotiated a collective bargaining agreement with Pacific Greyhound Lines which provided in effect that plaintiffs could retain their seniority on the lines on which they were employed when such lines were acquired by Pacific Greyhound but could acquire seniority on the other lines of Pacific Greyhound only as of the date of such acquisition. Plaintiffs contend that under § 161 of the constitution of Amalgamated they are entitled to have seniority on all the lines of Pacific Greyhound as of the date they went to work for Oregon Motor Stages. Plaintiffs contend for what they call "system seniority."

Plaintiffs allege that unless defendants are enjoined, the collective bargaining agreement, under which they do not have system seniority, will be renewed and that they thus will be damaged. They contend that employees employed on Segment No. 1 are wrongfully deprived of employment on Segment No. 2 and that employees on Segment No. 2 are wrongfully deprived of employment on Segment No. 1 and also of extra board rights.

Section 161 of the constitution of Amalgamated reads as follows:

"1. Each member of this association shall be entitled to his or her seniority in the service in the class of employment which he or she is engaged in accordance with his or her continuance age in the service in the class of employment in which he or she is engaged in accordance with his or her continuance age in the service in their respective classes.

"2. Where any lines are reorganized, consolidated or changed cutting off car runs and substi-

tuting bus service, then all men affected by the change shall choose their work in bus service, according to their seniority in the service of the company until all work is filled.

"3. When there is an abandonment of lines or barns, members affected by the abandonment shall be allowed to select work according to system seniority and other barns or stations."

Plaintiffs allege that prior to its acquisition by Pacific Greyhound, Oregon Motor Stages had acquired Portland-Banks Stage Lines, SP & S Transportation Co. and East Side Bus Lines and that upon each of these acquisitions the members of the acquired lines had been given system seniority with Oregon Motor Stages. Plaintiffs assert that failure to obtain that same favorable seniority in the present instance is a violation of the settled interpretation of Amalgamated's constitution.

It is not necessary to interpret Amalgamated's constitution nor to speculate as to what benefits, if any, plaintiff might derive from an adjudication here that the constitution means what plaintiffs claim it means. Our inquiry must be limited to determining whether the union officials have been guilty of fraud, caprice, bad faith or have acted arbitrarily or in violation of law or public policy.

■ Plaintiffs have sufficiently alleged the exhaustion of their intra-union remedies as required by *Way v. Patton,* 195 Or 36, 45, 241 P2d 895. They allege having run the gamut from appeals to officials of the local union to appeals to the general executive board of Amalgamated, to the appeals committee of the national convention and to the national convention itself. Each appeal resulted in an interpretation adverse to plaintiffs.

■ While the constitution of a labor union constitutes a contract between the members of the union which the courts in a proper case will enforce, we do not interfere in intra-union disputes in the absence of fraud, caprice, bad faith, lack of jurisdiction, violation of law or contravention of public policy. *Allen v. Southern Pac. Co.,* 166 Or 290, 110 P2d 933; *Louisville & N. R. Col. v. Miller,* 219 Ind 389, 38 NE2d 239, 142 ALR 1050; *Shaup v. Grand Int'l Brotherhood,* 223 Ala 205, 135 So 327.

■ For the narrow purpose of our present inquiry, we have examined section 161 of Amalgamated's constitution and find nothing therein, nor in plaintiffs' complaint, to justify an interference by this court with the internal affairs of the union and the decisions of its tribunals.

The judgment of the lower court is affirmed.