UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, LOCAL NO. 1780, APPELLANT, *v.* MERLIN J. DAHNKE, RESPONDENT.

No. 16193

February 20, 1986                                              714 P.2d 177

*Dennis M. Sabbath* and *Mark C. Hafer,* Las Vegas, for Appellant.

*Gerald W. Hardcastle,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Plaintiff-respondent Merlin J. Dahnke was elected recording secretary of defendant-appellant United Brotherhood of Carpenters and Joiners of America, Local No. 1780 in June 1978. In July 1978, Dahnke also accepted employment as an assistant business representative in the appellant Local 1780. Throughout the period when Dahnke served both as a recording secretary and assistant business representative, appellant paid him only for the latter position. In August 1978, Dahnke quit his job as an assistant business representative because he was not being paid for the recording secretary position. Appellant thereafter commenced paying Dahnke for the recording secretary position. Dahnke returned to work as an assistant business representative in April 1979, whereupon appellant discontinued paying him for his services as recording secretary.

During the period of time Dahnke was employed as an assistant business representative, appellant's business representative required him to work from 7 a.m. to 5 p.m., a total of nine working hours, exclusive of one lunch hour. Appellant paid Dahnke for only one day's work per nine-hour day, although its bylaws and applicable labor agreement provided that eight hours, exclusive of the meal period, constituted a day's work. All work beyond the defined workday was to be compensated at an overtime rate.

Dahnke filed suit against appellant in August 1981 seeking pay both for his work in dual positions as an employee and officer and for overtime pay for work as an employee. Appellant maintained that, prior to Dahnke's employment, it informed him of its policy not to pay officer's pay in addition to an employee's regular

salary. The district court entered judgment for Dahnke on both causes of action and this appeal ensued.

Courts will safeguard thè right to secure compliance with privileges guaranteed by a union's constitution and bylaws. Fox v. Knight, 350 P.2d 177 (Or., 1960); Caliendo v. McFarland, 175 N.Y.S.2d 869 (1958). However, equitable estoppel operates to prevent the assertion of legal rights that in equity and good conscience should be unavailable because of a party's conduct. *See* 25 Corporation v. Eisenman Chemical, 101 Nev. 664, 709 P.2d 164 (1985); Noble Gold Mines Co. v. Olsen, 57 Nev. 448, 66 P.2d 1005 (1937); Gilman v. Douglas County, 6 Nev. 27 (1870).

We conclude that because Dahnke continued to serve in dual positions with a settled expectancy of a single salary with no overtime pay and voluntarily returned to employment under the same conditions after this dispute arose, he waived his right to assert these claims. Although Dahnke wrote to appellant's international division's representative and to the executive board of appellant's local division in April 1981 requesting payment for past wages for working in dual positions, Dahnke had already worked in a dual capacity for an employee's salary over a two year period. Additionally, Dahnke did not assert his claim for overtime pay prior to filing the instant action. Appellant had informed Dahnke it would not compensate an employee with extra income for simultaneously holding an officer's position. Dahnke thus accepted protracted performance conditions at variance with the contract, which equitably estops him from asserting a claim for breach of contract. The district court thus improperly held that Dahnke's claims were not barred by the doctrines of laches and estoppel.

Accordingly, the judgment of the district court is reversed and remanded with directions that it order entry of judgment for appellant.