## SCHEINWALD *v.* BARTLETT, Judge

No. 2834

November 13, 1928.                    271 P. 468.

*Clyde D. Souter* and *John S. Field,* for Petitioner:

*E. W. Cheney,* for Respondent:

## OPINION

By the Court, DUCKER, J.:

This is an original proceeding in mandamus. Petitioner is plaintiff in a divorce action in the above-entitled court, and seeks the writ to compel the court to enter the default of defendant and proceed with the trial of the case. The salient facts are as follows: The time for defendant to answer or otherwise plead to petitioner's verified complaint for divorce had been extended by stipulation to and including June 4, 1928. On June 5, 1928, defendant was in default, and the case set for hearing at 9 a. m. of that day. At that time petitioner moved the court to enter the default of the defendant and proceed with the trial of the case. Defendant's attorney was present and resisted the motion. He also asked permission to file an unverified answer. The court denied petitioner's motion, and permitted defendant to file an unverified answer. Since the filing of the same, a verified answer has been filed by defendant, and a motion made for allowances.

The matter of allowing the filing of an answer after the time fixed by statute is largely within the discretion of the judge of the lower court. This is especially so before default has been entered. Conley v. Chedic, 7 Nev. 336; Bowers v. Dickerson, 18 Cal. 420.

In the former case the court said:

"If the defendant was in default, it was a matter much in the discretion of the judge below to allow the filing of an answer after the time prescribed by statute, especially as no default had been entered, and there was no showing that the failure to plead had occasioned any delay or injury to the opposite party."

It is contended that the unverified answer raised

no issue, and the court was therefore without authority to permit it to be filed. Be that as it may, it could have no bearing on the matter. The court may have erred in this respect, but the case, nevertheless, falls within the rule stated. The default of respondent has not been entered. There is a verified answer on file. The court, in our opinion, has discretion to deal with it as the justice of the case may require.

The writ should therefore be denied.

It is so ordered.