OPACO LUMBER & REALTY CO., A NEVADA CORPO-
RATION, PETITIONER, *v.* EIGHTH JUDICIAL DIS-
TRICT COURT OF THE STATE OF NEVADA, IN AND
FOR THE COUNTY OF CLARK, DEPARTMENT NO. 3,
RESPONDENT.

No. 4038

November 12, 1957                     317 P.2d 957

*Robert Callister*, of Las Vegas, for Petitioner.

*Harvey Dickerson*, Attorney General, of Carson City,
and *George M. Dickerson*, District Attorney, of Clark
County, for Respondent.

## OPINION

*Per Curiam:*

This is before us on petition for writ of certiorari.
The action of respondent court sought to be reviewed
is its order denying petitioner's motion to strike the
answers of certain defendants in an action brought by
petitioner and pending before respondent court. The
motion to strike was based upon petitioner's contention
that defendants were not entitled to answer since a
default had been taken against them. It is conceded that

respondent's action in denying the motion to strike was based upon its determination that, under the circumstances, the default could not be permitted to stand and that its action was tantamount to a setting aside of the default.

Rule 55(c) NRCP provides "For good cause shown the court may set aside an entry of default * * *." Petitioner contends that in this case there was a lack not only of good cause but of any cause at all; that respondent court, accordingly, was without jurisdiction to set aside the default. Clearly, however, the court had jurisdiction to determine the sufficiency of the cause shown. If, in its determination, the court committed error or abuse of discretion this cannot be said to affect its jurisdiction and the question cannot be considered upon certiorari. Iveson v. District Court, 66 Nev. 145, 206 P.2d 755.

Writ denied.