OPACO LUMBER & REALTY CO., A NEVADA CORPO-
RATION, APPELLANTS, *v.* E. V. PHIPPS AND LYDA
F. PHIPPS, HIS WIFE, RESPONDENTS.

No. 4154

June 5, 1959                                      340 P.2d 95

(Petition for rehearing denied June 29, 1959.)

*Robert Callister,* of Las Vegas, for Appellant.

*Cory, Denton & Smith,* of Las Vegas, for Respondents.

**O P I N I O N**

By the Court, MERRILL, C. J.:

This action is brought to foreclose a mechanic's lien for materials used in the construction of respondents' residence in Las Vegas. The lien claimant has taken this appeal from judgment for the respondents rendered by the trial court sitting without jury.

The first question raised by the appeal is whether the filing, unsigned, of a document entitled "default" can be construed as entry of default by the clerk. Appellant moved the trial court for an order striking the answer of respondents, basing its motion upon the ground that the answer had been filed after entry of default. The trial court concluded that default had not been entered and denied the motion.

Appellant recognizes that under NRCP 55(c) default, once entered, can be set aside "for good cause shown." Appellant contends, however, that no cause whatsoever was shown which would have justified the setting aside of a default; that under these circumstances it was error or abuse of discretion to deny its motion to strike. We have already held, upon application for writ of certiorari, that lack of such cause would not deprive the court of jurisdiction to entertain an answer. Opaco Lumber Company v. District Court, 73 Nev. 278, 317 P.2d 957.

The record discloses the following facts: After the time for answering had expired appellant filed with the clerk of the trial court its praecipe for default and also presented for signing and filing by the clerk a written form of default. The latter was filed, but the clerk failed to sign it.

Appellant contends that this ministerial oversight should be regarded as cured by the fact of filing. It emphasizes that, in filing the document, the clerk had, by signature, attested the fact of filing. Appellant contends that this signature should serve to meet any formalities necessary to an entry of default.

The clerk's ministerial duty to receive and file documents tendered for filing, is entirely separate from its duty under NRCP 55(a) to enter default. That rule provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default."

Default, thus, is not automatic. The rule contemplates a ministerial determination by the clerk and that this determination shall be recorded by the clerk through his entry of default. The manner in which default shall be entered is not specified. It must, however, by some means, demonstrate that the clerk had given his attention to the particular matter.

Compliance by the clerk with his duties with respect to the filing of a document in no way indicates that the matter of default has had his attention. The trial court was not in error in concluding that default had not been entered in this case.

Appellant next contends that the trial court under these circumstances should have ordered entry of default, nunc pro tunc, since it is clear upon the facts that appellant was entitled to entry of default at the time the praecipe was filed.

The consideration of a plaintiff's right to a nunc pro tunc entry of default may well be one approach to the problem of his right to have stricken a tardy answer of the defendant. This court has taken a different approach, however.

In Scheinwald v. Bartlett, 51 Nev. 155, 271 P. 468, this court held that in absence of entry of default it is discretionary with the trial court to permit an answer to be filed. It was there stated, 51 Nev. 158, 271 P. 469, "The default of respondent has not been entered. There is a verified answer on file. The court, in our opinion, has discretion to deal with it as the justice of the case may require."

In the present case there is no showing that failure of respondents to plead within the time provided had occasioned any injury or delay to appellant. Accordingly we find no error or abuse of discretion in the denial of appellant's motion to strike.

Appellant next attacks the judgment for respondents as contrary to the undisputed facts. The trial court found that appellant had delivered materials of a value of $1,344.54 to respondents' building contractor. It further found, however, that not all of these materials were delivered to respondents' building site. It concluded that appellant was not entitled to any lien at all.

It is conceded that while there may be a dispute as to whether *all* of the materials were delivered to respondents' building site or used in their building, it is undisputed that *some* of the materials were so delivered or used.

Respondents contend, notwithstanding, that appellant has failed to show that it is entitled to judgment in any sum.

During the course of construction of respondents' residence the sum of $1,462.76 had been paid to appellant on account. Respondents contend that since appellant is entitled to a lien only for those materials shown to have been delivered at the building site and since he has only offered proof of such deliveries to the extent of $1,344.54 he has failed to prove that materials were delivered over and above the amount of payment.

Appellant's manager testified that the payment in question had been made for earlier deliveries covered by separate and specific invoices which were not the subject of this action. The record shows that the materials which are the subject of this action were all delivered subsequent to the date of the payment. Thus, in the absence of any contrary showing by respondents, the record establishes that the payment had no relation to the invoices and deliveries which are here in dispute.

Appellant, then, is entitled to its lien for such part of the building materials as it actually delivered to the building site or as can be proved to have gone into the structure. A trial and definite findings by the trial court thus become necessary.

Reversed and remanded for new trial.

McNAMEE and BADT, JJ., concur.