JOHNNY JACOBS, APPELLANT, *v.* SHERIFF, WASHOE COUNTY, RESPONDENT.

No. 23189

September 3, 1992          837 P.2d 436

*Johnny Jacobs,* In Proper Person, Ely, for Appellant.

*Dorothy Nash Holmes,* District Attorney, Washoe County, for Respondent.

**OPINION**

*Per Curiam:*

On August 9, 1991, the state filed in the district court a complaint for forfeiture, naming as respondent various items of personal property in which appellant claims an interest. On August 13, 1991, the state served the amended complaint and summons on appellant personally. On September 24, 1991, the state filed in the district court an application for default. On

September 24, 1991, an unsigned default was entered in the district court. On September 26, 1991, the district court entered a default judgment, forfeiting appellant's interest in the respondent property. No notice of entry of the default judgment appears in the record on appeal.

On January 10, 1992, appellant, appearing through counsel, moved the district court to set aside the default judgment. In the motion, appellant noted that, although he was represented by counsel in related criminal proceedings when the complaint for forfeiture was filed, the complaint was not served on appellant's attorney. Appellant also noted that he was incarcerated. The state opposed appellant's motion. On March 11, 1992, the district court denied appellant's motion. This appeal followed.

On July 13, 1992, this court issued an order noting the following concerns:

> First, we note that, because the default was not signed by the district court clerk, it appears that no valid default was entered in this case. *See* Opaco Lumber & Realty Co. v. Phipps, 75 Nev. 312, 340 P.2d 95 (1959). We question whether a valid default judgment can be entered in the absence of a valid default.
>
> Further, we are concerned by appellant's allegation that his attorney (albeit in separate proceedings) was not served with a copy of the complaint and summons, and that neither appellant nor his attorney were served with notice of entry of the default judgment. We note that SCR 175 provides that "[w]hen a lawyer knows the identity of a lawyer representing an opposing party, he or she should not . . . [cause] any default or dismissal to be entered without first inquiring about the opposing lawyer's intention to proceed." If the state was proceeding with a criminal prosecution against appellant contemporaneously with a quasi-criminal forfeiture proceeding that arose from the same alleged criminal behavior, the state's attorney arguably had a professional obligation to inquire of appellant's attorney in the criminal proceeding to determine whether appellant's attorney also intended to represent appellant in the forfeiture proceeding.

In light of the above concerns, we ordered the state to show cause why the order of the district court refusing to set aside the default judgment should not be vacated and this matter remanded for further proceedings. On August 3, 1992, the state filed in this court its response to our order of July 13, 1992.

First, the state represents that a notice of entry of the default judgment was mailed to appellant at the Washoe County Jail. We note that the notice of entry is not part of the record on appeal,

notwithstanding the fact that, when the appellant is acting in proper person, the district court clerk is obligated to transmit to this court "each and every paper, pleading and other document" filed in the district court. NRAP 10(a)(1). Further, we cannot rely on documents not contained in the record on appeal. *Carson Ready Mix v. First Nat'l Bk.*, 97 Nev. 474, 635 P.2d 276 (1981).

The state concedes that it made no effort to contact appellant's attorney regarding the pending forfeiture proceedings. The state offers the explanation that it was unaware that any attorney was representing appellant in the forfeiture action. The state also offers an affidavit from appellant's counsel in his criminal proceedings which indicates that counsel was not representing appellant in the forfeiture proceeding. We hold that this is insufficient to meet the requirements of SCR 175. When the state proceeds with a forfeiture proceeding against property belonging to a claimant facing criminal charges, the state has an obligation, pursuant to SCR 175, to contact appellant's attorney in the criminal proceedings and determine whether that attorney also intends to appear in the forfeiture proceedings. Further, we hold that if the attorney does not intend to appear in the forfeiture proceedings, the state must explicitly warn the claimant that his attorney in the criminal proceedings will not be representing the claimant in the forfeiture proceedings.

Finally, the state suggests that the default, and therefore the default judgment, was valid. Specifically, the state argues that this case is distinguishable from *Opaco Lumber*. In *Opaco Lumber,* the appellant argued that the failure of the district court clerk to sign the default "should be regarded as cured by the fact of filing. [Appellant] emphasize[d] that, in filing the document, the clerk had, by signature, attested the fact of filing." *Opaco Lumber,* 75 Nev. at 314, 340 P.2d at 96. We rejected this argument, holding that the duty to file the default is distinct from the duty to enter the default. *Id.* Curiously, in light of the above language from *Opaco Lumber,* the state argues that this case is distinguishable from *Opaco Lumber* because the deputy clerk "signed the first page of the default where it was file stamped." This is the precise argument this court rejected in *Opaco Lumber.*

The state also argues that this case is distinguishable from *Opaco Lumber* because the respondents in that case filed an answer after the default was entered, yet in this case appellant "never filed an answer . . . after he received the Notice of Entry of Judgment." First, we note that the state's contention is false. The record on appeal contains an answer filed by appellant after

the default and the default judgment were entered. Further, there is no hint in *Opaco Lumber* that the act of filing an answer was a dispositive, or even relevant, fact in that case. Plainly, this case is indistinguishable from *Opaco Lumber,* and the default was invalid.

Although this court has never addressed the issue, other courts have held that there can be no valid default judgment without a valid default. *See, e.g.,* P & B Land, Inc. v. Klungervik, 751 P.2d 274, 276-77 (Utah Ct.App. 1988) (holding that, in the absence of a valid default, a default judgment is illegal). We agree, and hold that a default judgment entered before a valid default has been entered is void.

Accordingly, we reverse the order of the district court denying appellant's motion for relief from the default judgment. We remand this matter to the district court for further proceedings consistent with this opinion.