PAUL GARCIA, APPELLANT, *v.* IDEAL SUPPLY CO., INC., AND AZTEC PLUMBING, INC., RESPONDENTS.

No. 23935

May 19, 1994 874 P.2d 752

*Sabbath & Mehesan,* Las Vegas; *Perry and Spann,* Reno, for Appellant.

*Edwards, Hale & Hansen* and *Dennis M. Prince,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Respondents Ideal Supply Co., Inc. ("Ideal") and Aztec Plumbing, Inc. filed a complaint against appellant Paul Garcia. An appearance was entered by Garcia's counsel, but no answer to the complaint was ever filed. Respondents never entered a default against Garcia, but did obtain a default judgment. After many months, Garcia unsuccessfully moved for relief from the judgment.

On appeal, Garcia raises several grounds for reversing the district court's order denying his motion to set aside the default judgment. We do not reach the majority of Garcia's assignments of error, but conclude instead that the default judgment was void because the requisite default was never entered, and reverse on that basis.

### FACTS

On September 27, 1990, respondents filed a complaint against Garcia, alleging the existence of various debts incurred by Garcia and still owing to the respondents. The complaint was served one day after it was filed. Garcia was granted at least one extension of time to respond to the complaint, and on November 2, 1990, an "Entry of Appearance" on behalf of Garcia was filed by his then-counsel Thomas Crowe. No answer to the complaint was ever filed.

On November 5, 1990, respondents filed a "Notice of Intent to File Default" stating that default would be filed on November 7, 1990. No default was ever entered. On December 6, 1990, a "Notice of Hearing to Prove Up Default" was filed. However, Garcia did not appear at the prove-up hearing.

At the prove-up hearing, the court heard testimony from the president of Ideal concerning the debts owed, and a default judgment in the amount of $225,121.80 plus interest and costs was entered on December 20, 1990.

The case lay dormant for a time until respondents filed a writ of garnishment on the defendant in a personal injury action filed by Garcia. On August 28, 1992, approximately one year and eight months after entry of the default judgment against him, Garcia filed a "Motion for Relief from Judgment; Motion to Set

Aside Default and for Leave to Answer to Complaint.'' The district court denied Garcia's request for relief, thus prompting this appeal.

## DISCUSSION

The dispositive issue herein is the failure of respondents to enter Garcia's default prior to securing a default judgment against him. In Jacobs v. Sheriff, 108 Nev. 726, 837 P.2d 436 (1992), this court addressed the issue of the validity of a default judgment which followed the entry of an invalid default. Specifically, the default entered in *Jacobs* was determined to be invalid because it had not been signed by the district court clerk. Ruling that ''a default judgment entered before a valid default has been entered is void[,]'' *id.* at 729, 837 P.2d at 438, we reversed the lower court's order denying relief from the default judgment.

In the instant case, no default at all was entered prior to securing the default judgment. *A fortiori,* the rule announced in *Jacobs* has even greater application here. The default judgment entered against Garcia without benefit of a prior default is void. Given the dispositive nature of our ruling, it is unnecessary to address issues of the timeliness of Garcia's motion or the existence of a meritorious defense.

NRCP 60(b)(3) allows a party to move for relief from a judgment which is void, and while motions made under NRCP 60(b) are generally required to ''be made within a reasonable time'' and to be adjudicated according to the district court's discretion, this is not true in the case of a void judgment. This has been explained with regard to the federal equivalent of NRCP 60(b)(3) as follows:

> Necessarily a motion under this part of the rule differs markedly from motions under the other clauses of Rule 60(b). There is no question of discretion on the part of the court when a motion is made under [this portion of the Rule]. Nor is there any requirement, as there usually is when default judgments are attacked under Rule 60(b), that the moving party show that he has a meritorious defense. Either a judgment is void or it is valid. Determining which it is may well present a difficult question, but when that question is resolved, the court must act accordingly.

> By the same token, there is no time limit on an attack on a judgment as void. . . . [E]ven the requirement that the motion be made within a ''reasonable time,'' which seems literally to apply . . . cannot be enforced with regard to this class of motion.

11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2862 (1973).

## CONCLUSION

For the reasons discussed above, the default judgment entered against Garcia is void. We therefore reverse the order of the district court denying Garcia's motion to have the default judgment set aside and remand this matter to the district court for entry of an order vacating the default judgment.[1]

---

[1]Understandably, the parties were not attuned to our recent *Jacobs* decision during oral argument. Accordingly, it was determined at that time to allow the parties to supplement their briefs in order to determine with certainty whether, in fact, no default had been entered against Garcia prior to the entry of the default judgment. Garcia's supplemental material supplied additional evidence that no default was ever entered, including an affidavit by Clark County Court Clerk Loretta Bowman attesting that no such filing exists in the case file. Respondents also acknowledged that no default was ever entered but argue in their supplemental brief that *Jacobs* should not be applied retroactively, noting that the default judgment at issue herein was entered prior to our *Jacobs* decision.

This argument is without merit. The court in *Jacobs* determined, consistent with law from other jurisdictions, that the default judgment entered in *Jacobs* was void. We accordingly ordered the district court to grant relief from the void judgment, despite the fact that the ruling in *Jacobs* was, of course, preceded by entry of the default judgment against Jacobs. If this case, rather than *Jacobs,* were before us as a case of first impression, we would have reached the same conclusion. A void judgment is void for all purposes and may not be given life under a theory based upon lack of legal precedent. Our decision today is not a retroactive application of *Jacobs,* but simply a reaffirmation of the law we found controlling in *Jacobs.*