An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DARRYL E. GHOLSON A/K/A DARRYL E. SAYLES,
Appellant,
vs.
SIEGEL SUITES,
Respondent.

No. 62903

**FILED**

JUL 28 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order dismissing a tort action. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

The district court denied appellant's motion to set forth an order for pre-trial discovery and granted respondent's countermotion to dismiss. The district court found that appellant failed to file a case conference report within 240 days after service of the summons and complaint on respondent and, accordingly, dismissed the case without prejudice under NRCP 16.1(e)(2).

Failure to file a case conference report within 240 days after an appearance subjects the plaintiff to the possible dismissal of the complaint. NRCP 16.1(e)(2); *Moon v. McDonald, Carano & Wilson, LLP,* 126 Nev. ___, ___, 245 P.3d 1138, 1139-40 (2010). This court reviews a district court's dismissal of a complaint under NRCP 16.1(e)(2) for an abuse of discretion. *Arnold v. Kip,* 123 Nev. 410, 414, 168 P.3d 1050, 1052 (2007). In exercising its discretion, the district court should consider factors related to the rule's purpose of promoting the timely prosecution of litigation. *Id.* at 415, 168 P.3d at 1053.

SUPREME COURT
OF
NEVADA

(O) 1947A

H-24489

Our review of the record reveals that appellant failed to file a case conference report within 240 days of respondent's appearance by motion.[1] *See Dornbach v. Tenth Judicial Dist. Court*, 130 Nev. ___, ___, ___ P.3d ___, ___ (Adv. Op. No. 33, May 15, 2014) (noting that an appearance may be by motion). The district court entered a finding to this effect and noted that roughly 500 days had elapsed between respondent's first appearance and the date of the district court's dismissal order. Thus, we conclude that the district court did not abuse its discretion in entering its order dismissing appellant's case. *Moon*, 126 Nev. at ___ n.5, 245 P.3d at 1140 n.5 (affirming the district court's dismissal of appellants' case where appellants failed to file their case conference report within the 240-day period).

Appellant argues that the district court should have entered a default judgment against respondent. A default judgment, however, is not appropriate when the court clerk has not entered a default against a party, and respondent was not in default by virtue of appellant having filed documents asserting that respondent was in default. *Jacobs v. Sheriff*, 108 Nev. 726, 728-29, 837 P.2d 436, 437-38 (1992) (holding that a default judgment cannot be entered until after a valid default has been

[1] The district court erroneously applied the version of NRCP 16.1(e)(2) that applies to family division and domestic relations proceedings and calculates its deadlines based on service of the summons and complaint; nevertheless, dismissal is appropriate based on the date of respondent's appearance by motion. *Moon*, 126 Nev. at ___ n.5, 245 P.3d at 1140 n.5. Further, even if appellant's motion to set forth an order for pretrial discovery were construed as a request for assistance from the district court in scheduling the NRCP 16.1 case conference, we note that this motion was not filed until after NRCP 16.1's time frames had already elapsed.

entered); *see Opaco Lumber & Realty Co. v. Phipps*, 75 Nev. 312, 314, 340 P.2d 95, 96 (1959) (noting that the court clerk does not automatically enter a default on receiving a plaintiff's request for entry of default). Thus, we conclude that appellant's argument does not warrant a contrary disposition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Saitta


PICKERING, J., dissenting:

Time and time again, this court has recited that, at the pleading stage, a reviewing court must "accept[ ] all of the plaintiff's factual allegations as true and draw[ ] every reasonable inference in the plaintiff's favor." *E.g., Jacobs v. Adelson*, 130 Nev. __, __, 325 P.3d 1282, 1285 (2014). Accepting its factual assertions as true, appellant's complaint states significant claims for violation of his civil rights. Appellant was acting as his own lawyer, at times from the Indian Springs Correctional Facility. Rather than convene the early case conference and file the case conference report, appellant moved directly to written discovery and an attempt to obtain and enforce a default judgment, and so, despite all his case activity, appellant's suit was dismissed for not filing the case conference report required by NRCP 16.1. While our rules do not exempt a person proceeding in propria persona from the obligations

imposed by NRCP 16.1, *see* NRCP 16.1(g), he nonetheless did not neglect this proceeding and tried diligently to advance it. In the circumstances of this case, the district court should have warned appellant clearly that he needed to conduct an early case conference in accordance with NRCP 16.1 to conduct discovery and litigate his suit on its merits. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that the court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements"); *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987) (noting that courts provide a pro se litigant with notice of pleading deficiencies in order to ensure that the litigant's claims are adjudicated on their merits). As I believe the dismissal without such instruction to have been an abuse of discretion, I respectfully dissent.

_____, J.
Pickering

cc:     Hon. Rob Bare, District Judge
        Darryl E. Gholson
        Robert F. Beyer
        Eighth District Court Clerk