139 Nev., Advance Opinion 50

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CARMEN SABATER, AN INDIVIDUAL; AND VINCENT JAMES DESIMONE, AN INDIVIDUAL, Appellants, vs. SHAUN RAZMY, AN INDIVIDUAL, Respondent. | No. 85161 **FILED** NOV 22 2023 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Appeal from a district court order dismissing a tort action for failure to timely effect service of process. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

*Affirmed.*

Feher Law, APC, and Andrew Alexandroff, Torrance, California, for Appellants.

Christian, Kravitz, Dichter, Johnson & Sluga, LLC, and Gena L. Sluga, Las Vegas, for Respondent.

BEFORE THE SUPREME COURT, CADISH, PICKERING, and BELL, JJ.

*OPINION*

By the Court, BELL, J.:

Following a car crash, Appellants Carmen Sabater and Vincent Desimone filed a lawsuit against Respondent Shaun Razmy for personal injuries. Sabater and Desimone failed to serve the summons and complaint

23-37984

on Razmy within 120 days. As a result, the district court issued an order to show cause. After that order issued, the summons and complaint were served, and Razmy filed a motion to quash the service of process and to dismiss the complaint. The district court granted the motion to dismiss, denying Sabater and Desimone's late motion for an extension of time to serve process. Sabater and Desimone appeal, arguing the district court improperly denied their request for an extension of time to serve the summons and complaint and Razmy's motion to dismiss was itself untimely.

When a party fails to effectuate service of process and fails to request an enlarged period for service within 120 days of the complaint's filing date, that party must show good cause for the initial delay in requesting an extension before a motion to extend the time to serve can be considered. Here, because Sabater and Desimone failed to plead good cause for the delay in moving for an enlarged period for service, the district court did not abuse its discretion in denying the motion for an extension of time to serve the complaint.

After the period for service closes, a party may seek the dismissal of an action under NRCP 12(b)(4) when there is insufficient service. Although NRCP 12(b) does not permit the filing of a motion to dismiss based on insufficient service after a responsive pleading has been filed, the rule does not contain any other time limit for filing the motion to dismiss. Here, no responsive pleading had been filed when Razmy filed his motion to quash service and dismiss the complaint, so the motion was not untimely. We conclude the district court did not abuse its discretion when it denied the request for enlargement of time to serve and dismissed the action.

*FACTS AND PROCEDURAL HISTORY*

In 2019, Sabater and Desimone were involved in a car crash with Razmy. On August 26, 2021, Sabater and Desimone filed a negligence complaint against Razmy. Per NRCP 4(e)(1), the summons and complaint needed to be served on Razmy within 120 days, or by December 24, 2021, but Sabater and Desimone neglected to calendar the date. As a result, December 24 passed without Sabater and Desimone serving the summons and complaint. Due to the lack of service, on February 23, 2022, the district court issued an order to show cause why the case should not be dismissed. Following the order to show cause, on March 15, Sabater and Desimone served Razmy with the summons and complaint and filed proof of service with the district court. Service occurred 81 days after the 120-day deadline.

One month later, on April 15, Razmy moved to quash the service of process as untimely and to dismiss the complaint for failure to timely serve. Any opposition to this motion was due by April 29, but Sabater and Desimone failed to file a timely opposition. Razmy filed a notice of nonopposition on May 6, requesting the district court grant the motion as unopposed. An opposition was eventually filed on May 20.

In the opposition, Sabater and Desimone argued Razmy's motion to quash was untimely, as it needed to be filed within the 21 days provided post-service for defendants to file an answer. Sabater and Desimone also denied being served with Razmy's motion to quash. Additionally, Sabater and Desimone sought leave to retroactively extend the 120-day period for service of the summons and complaint, having failed to request such an extension within the statutory period. Sabater and Desimone argued a clerical calendaring error and high rates of turnover at their counsel's office supported good cause to grant the extension.

Razmy replied to the opposition, pointing out that Sabater and Desimone's counsel failed to register an email address with the district court and provide a Nevada address to the State Bar of Nevada. Without this required information, Razmy's attorney was forced to search prior email correspondence to locate an email suitable for service and sent notice to another lawyer at the firm.

After a hearing, the district court declined to grant Sabater and Desimone an extension, finding they did not prove good cause existed for their failure to file a motion to extend the service deadline before that deadline expired. Instead, the district court granted Razmy's motion to dismiss, finding that the motion was timely filed before the filing of any answer and that because Sabater and Desimone failed to serve the summons and complaint within the statutory time frame, dismissal was required. Sabater and Desimone appeal the district court's dismissal of the complaint without prejudice.

## DISCUSSION

On appeal, Sabater and Desimone argue the district court abused its discretion by denying their motion for an extension of time to serve the summons and complaint. They also argue Razmy's motion to quash was untimely pursuant to NRCP 12 and should have been denied.

*The district court did not abuse its discretion in denying the motion for an extension of time to serve the summons and complaint or in granting Razmy's motion to dismiss*

Sabater and Desimone claim that the district court abused its discretion by denying their motion for an extension of time to effectuate service. We review a district court's denial of a motion for an extension of time to serve for an abuse of discretion. *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 595, 245 P.3d 1198, 1200 (2010).

The district court did not abuse its discretion in denying the retroactive request for an extension of time to serve Razmy, as Sabater and Desimone failed to demonstrate good cause for their late motion. A request for an extension of time to serve a summons and complaint must be made within the initial 120 day-period for service, a threshold requirement for relief under NRCP 4(e)(4) and *Saavedra-Sandoval*, 126 Nev. at 597, 245 P.3d at 1201. When a party fails to file a timely motion to extend time for service, that party must demonstrate good cause exists for the untimely request before the court will consider whether good cause exists for an extension. *Id.* "Only upon a showing of good cause for the delay in filing the motion to enlarge time should the court then engage in a complete *Scrimer* analysis to determine whether good cause also supports the request for enlargement of time for service of process . . . ." *Id.*; *see also Scrimer v. Eighth Judicial Dist. Court*, 116 Nev. 507, 516-17, 998 P.2d 1190, 1195-96 (2000) (establishing various factors to determine whether good cause exists to allow a plaintiff to serve process beyond the 120-day deadline).

Sabater and Desimone did not request an extension of time for service until 147 days after the period for service had closed. In that motion, Sabater and Desimone addressed whether there was good cause for an extension; however, they did not present separate argument regarding any good cause for the failure to request this extension within the 120-day deadline. When asked, counsel admitted being unfamiliar with our holding in *Saavedra-Sandoval*. Therefore, Sabater and Desimone have waived any argument on appeal regarding possible good cause for their failure to make a timely request for an extension. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and

SUPREME COURT
OF
NEVADA

(O) 1947A

will not be considered on appeal."). Moreover, we need not address the district court's analysis of the *Scrimer* factors because Sabater and Desimone's failure to show good cause for the untimely motion for an extension rendered consideration of those factors moot. *Scrimer*, 116 Nev. at 516-17, 998 P.2d at 1195-96. We conclude that the district court did not abuse its discretion in denying the motion for an extension of time to serve the summons and complaint.

*The district court properly dismissed for failure to timely serve process*

Sabater and Desimone contend that the district court abused its discretion by granting Razmy's motion to dismiss. We review "[a]n order granting a motion to dismiss for failure to effect timely service of process . . . for an abuse of discretion." *Abreu v. Gilmer*, 115 Nev. 308, 312-13, 985 P.2d 746, 749 (1999). We review the district court's interpretation of NRCP 12(b) de novo. *Marquis & Aurbach v. Eighth Judicial Dist. Court*, 122 Nev. 1147, 1156, 146 P.3d 1130, 1136 (2006). "When a rule is clear on its face, we will not look beyond the rule's plain language." *Morrow v. Eighth Judicial Dist. Court*, 129 Nev. 110, 113, 294 P.3d 411, 414 (2013).

The plain language of NRCP 12 provides no time restraint on a defendant's motion to dismiss for lack of service before a responsive pleading has been filed. NRCP 12(a)(1)(A)(i) requires that defendants serve an answer to a complaint "within 21 days after being served with the summons and complaint." Prior to filing an answer, a defendant may assert certain defenses by motion. Those defenses include insufficient service of process. NRCP 12(b)(4); *see also Hansen v. Eighth Judicial Dist. Court*, 116 Nev. 650, 656, 6 P.3d 982, 986 (2000) (explaining that under NRCP 12(b), "before a defendant files a responsive pleading such as an answer, that defendant may move to dismiss for lack of personal jurisdiction, insufficiency of process, and/or insufficiency of service of process").

While no other time limit governs a motion filed under NRCP 12(b)(4), a defendant takes risks filing such a motion beyond the 21 days provided for answering the complaint—if the motion or an answer is not filed by 21 days after service, a plaintiff could obtain a default. NRCP 55. Even so, "[d]efault . . . is not automatic." *Opaco Lumber & Realty Co. v. Phipps*, 75 Nev. 312, 314, 340 P.2d 95, 96 (1959), *superseded by statute on other grounds as stated in Simmons Self-Storage Partners, LLC v. Rib Roof, Inc.*, 130 Nev. 540, 548, 331 P.3d 850, 855 (2014); *see also Scheinwald v. Bartlett*, 51 Nev. 155, 157-58, 271 P. 468, 468-69 (1928) (noting that where no default is entered, district courts have discretion to allow an untimely answer).

Here, Razmy did not file an answer. Instead, Razmy filed a motion to dismiss the complaint for insufficient service of process 31 days after the complaint was served. Razmy risked default by failing to make any defensive filing within 21 days of service, but given the lack of a pre-answer deadline to file motions under NRCP 12(b)(4), the motion to dismiss was not untimely. We conclude the plain language of NRCP 12 supports the district court's ruling, and we find no error in the district court's decision to grant the motion to dismiss. Because Razmy's motion to dismiss was timely, Sabater and Desimone did not serve Razmy within 120 days, and the district court properly denied an extension of time to serve, the case was properly dismissed under NRCP 4(e)(2).

## CONCLUSION

When a plaintiff fails to demonstrate good cause for failing to seek an extension of time to serve the summons and complaint within the 120-day period prescribed by NRCP 4(e), the district court may properly deny an untimely motion for an extension of time. Additionally, under NRCP 12, a motion to dismiss for insufficient service of process may be filed at any time before a responsive pleading is filed. Absent the filing of a responsive pleading or entry of a default, a motion to dismiss for insufficient service of process is not untimely. Accordingly, we affirm the district court's order dismissing the complaint.

_____, J.
Bell

We concur:

_____, J.
Cadish

_____, J.
Pickering