STEVE DEAL, APPELLANT, *v.* RICHARD
BAINES, RESPONDENT.

No. 24190

May 23, 1994 874 P.2d 775

*Gordon & Silver* and *Michael E. Kostrinsky,* Las Vegas, for Appellant.

*J. Michael Oakes,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

This is an appeal from a district court order "dismissing an action" and setting aside a judgment on a crossclaim. For the reasons set forth below, we hold that the district court erred in setting aside the judgment.

## FACTS

In 1980 appellant Steve Deal (Deal) sold all of the stock of Roma Marble, Inc. to respondent Richard Baines (Baines). Pursuant to the terms of the stock sale, Baines was to have repaid and indemnified Deal and ensured that Deal was held harmless from a $24,537 loan made by Valley Bank of Nevada (Valley Bank) to Roma Marble, as well as other liabilities of the company.

On February 24, 1981, Valley Bank sued Baines, Deal and a third defendant. On March 25, 1981, Deal crossclaimed against Baines, asserting two causes of action. First, Deal sought indemnification should he be held liable in the Valley Bank action. Second, Deal requested $14,500 for amounts owed Deal under the Stock Purchase Agreement of Roma Marble, attorney's fees and costs, and "such other and further relief as the court deems just."

On September 8, 1981, the district court granted summary judgment in favor of Valley Bank against Baines. The order granting summary judgment was silent as to Deal. Baines twice appealed the order granting summary judgment to this court, with this court dismissing both appeals in August 1982 and November 1983, respectively.

On January 29, 1987, Deal filed a Note for Trial Docket regarding the "contract dispute" in his crossclaim against Baines. A trial was held on Deal's crossclaim on September 16,

1987, at which Baines did not appear, and the district court awarded Deal $14,500 plus interest, $3,500 in attorney's fees and costs, and $29,000 for an Internal Revenue Service Debt. Judgment was entered on February 8, 1990.

On January 8, 1991 a judgment debtor examination was conducted, at which Baines' new (and present) counsel appeared. On August 4, 1992, Deal served a writ of garnishment on property in which Deal believed Baines retained an ownership interest. On September 3, 1992, Deal subpoenaed the Nevada State Contractor's Board regarding information pertaining to this property and other assets belonging to Baines.

On September 28, 1992, Baines filed a "Motion to Set Aside Judgment and Dismiss Action."[1] Baines requested that the district court set aside its 1990 judgment pursuant to NRCP 41(e),[2] stating that five years had elapsed from the February 1981 Valley Bank filing of the Complaint to the September 1987 trial. Baines argued that since dismissal of the case was mandatory under Rule 41(e), no judgment should have ever been entered.

Alternatively, Baines requested that the district court set aside the judgment pursuant to NRCP 60(b)(1),[3] arguing that it was entered as a result of "excusable neglect" on the part of Baines, or that it be set aside as a void judgment under NRCP 60(b)(3) since "the judgment was entered on a trial that took place beyond the five year mandatory dismissal period of NRCP 41(e)." On November 18, 1992, the district court granted the motion and vacated its prior judgment.

---

[1] We note that the portion of the Baines' motion which attempts to "dismiss the action" is misleading since judgment was rendered on Deal's crossclaim and there was no longer any "action" to dismiss.

[2] NRCP 41(e) states, in relevant part:

(e) Want of Prosecution. . . . Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of any party, or on the court's own motion, after due notice to the parties, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended. . . .

[3] NRCP 60(b) states, in relevant part:

(b) Mistakes; Inadvertence; Excusable Neglect; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . [or] (3) the judgment is void . . . . The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than six months after the judgment, order, or proceeding was entered or taken.

## DISCUSSION

Since the district court did not state whether it based its order vacating the judgment against Baines on Rule 60(b), Rule 41(e) or a combination of the two, we consider them in turn.

Deal argues that the district court erred in vacating its prior judgment since Baines failed to file his Rule 60(b) motion in a timely manner. We agree. Motions under NRCP 60(b) are within the sound discretion of the district court, and this court will not disturb the district court's decision absent an abuse of discretion. Carlson v. Carlson, 108 Nev. 358, 361, 832 P.2d 380, 382 (1992).

Baines argued below and asserts on appeal that he was entitled to relief pursuant to Rule 60(b)(1) because of "excusable neglect."[4] Rule 60(b) states that a motion under subsection (b)(1) must be brought "not more than six months after judgment, order, or proceeding was entered or taken." Clearly, Baines failed to act within this time limitation since the judgment was entered in February 1990 and Baines filed his Rule 60(b) motion in September 1992.

Baines alternatively argued that he was entitled to relief pursuant to Rule 60(b)(3). He asserted that because the judgment was entered on a trial that took place beyond the five-year mandatory dismissal period of Rule 41(e), it was a void judgment.

Motions under Rule 60(b)(3) must be made within a "reasonable time." NRCP 60(b). Five years passed between the September 1987 trial and the filing of Baines' September 1992 motion. Baines argues that he did not have the opportunity to file a timely Rule 60(b) motion because he did not learn of the February 1990 judgment until he was served with an Order for Examination of Judgment Debtor in December 1990. Assuming, *arguendo*, that this is true, Baines fails to explain why he then waited nearly two years to file his motion to vacate the judgment.

We hold that under the circumstances of this case, it was unreasonable to wait nearly two years to file a motion under Rule 60(b)(3) to vacate a judgment. This is particularly true since Deal continued to attempt to collect on the judgment during those two years, uncovering Baines' assets and serving writs of execution and garnishment upon them. Granting Baines' motion to vacate

---

[4]Baines' "excusable neglect" argument appears to have been based on his assertion that he was not made aware of the September 16, 1987 trial on Deal's crossclaim.

the judgment against him based on Rule 60(b) constituted an abuse of discretion.

Nor can Rule 41(e) be invoked to vacate the district court's prior judgment. Baines argued below and argues on appeal that since dismissal of Deal's crossclaim was mandatory, the judgment against him should not have been entered. Baines' argument is without merit and should have been rejected by the district court. A dismissal under Rule 41(e), even where mandatory under the five-year rule, requires a motion to dismiss, either by a party or the court's own motion. No such motion occurred and the crossclaim was allowed to proceed to judgment. Therefore, dismissal under Rule 41(e) was, under the untimely circumstances of this case, improper.

Second, Rule 41(e) may not be invoked to vacate a prior judgment but may only be used to dismiss an "action." If a party, or the district court on its own motion, fails to move the district court to dismiss an action for want of prosecution pursuant to Rule 41(e), the party may not then attempt, through Rule 41(e) alone or Rule 41(e) in conjunction with Rule 60(b)(3), to vacate the resulting judgment. Baines waived his right to compel dismissal of Deal's crossclaim pursuant to Rule 41(e), and the district court was without authority to vacate the resulting judgment against Baines.

In light of our decision in this case, we need not consider appellant's other contentions. We reverse the district court's order setting aside the judgment against Baines and direct the district court to reinstate the judgment entered pursuant to Deal's crossclaim.