In the Matter of the THEDA HARRISON LIVING TRUST Dated June 21, 1991, and as Amended and Restated on December 17, 1991, and as Amended on January 6, 1992, and December 2, 1992.

MICHELE TERIANO, Appellant, *v.* NEVADA STATE BANK, Respondent.

No. 41275

June 9, 2005

112 P.3d 1058

*Glen J. Lerner & Associates* and *Paul D. Powell,* Las Vegas, for Appellant.

*Jolley Urga Wirth Woodbury & Standish* and *R. Gardner Jolley* and *L. Christopher Rose,* Las Vegas, for Respondent.

Before BECKER, C. J., ROSE and HARDESTY, JJ.

## OPINION·

By the Court, HARDESTY, J.:

In this appeal, we consider whether petitions to challenge void judgments pursuant to NRCP 60(b)(4)[1] may be denied in exceptional circumstances. Because NRCP 60(b) expressly requires filing petitions within a reasonable time, we conclude that district courts may consider lack of diligence, including equitable estoppel principles, to deny relief from a void judgment.

### *FACTS*

In June 1991, Theda Harrison established the Theda Harrison Living Trust. Michele Teriano was named the principal beneficiary receiving Harrison's substantial assets, jewelry and ''personal property.'' Teriano's distribution included stocks valued at $700,000, jewelry valued at $111,000 and personal property with an unknown value. Terry Marsala, the other beneficiary, was to receive $100,000 and Harrison's ''home furnishings.''

Harrison died in September 2000 and left, among other assets, a collection of valuable paintings. Trust trustee, Wells Fargo, retained counsel to render an opinion interpreting the terms ''personal property'' and ''home furnishings'' for the purpose of determining which beneficiary would receive Harrison's paintings. Counsel opined that the term ''home furnishings'' included the paintings. Before Wells Fargo could distribute the Trust, Teriano substituted Nevada State Bank (NSB) as the new trustee.

Given the dispute over the paintings, NSB petitioned the court for instruction before distributing the Trust assets. Both beneficiar-

---

[1]NRCP 60 was amended, effective January 1, 2005. When Teriano moved to set aside the district court's order, the provision regarding void judgments was contained in subsection (b)(3). The provision regarding void judgments is now NRCP 60(b)(4).

ies of the Trust were sent notice of the scheduled hearing; however, Teriano's notice was sent to an incorrect address. The probate court ruled that the paintings were "home furnishings" and directed that they be distributed to Marsala.

Upon learning of the probate court's order, Teriano's attorney immediately notified Teriano of the distribution order. However, Teriano claims she did not receive notice of the probate court's ruling until two months after the hearing was held. The attorney who drafted the Trust requested that NSB's counsel seek reconsideration of the "home furnishings" decision. The drafting attorney prepared and signed the petition for reconsideration. He also provided an affidavit where he testified that Harrison declared to him that the paintings were to be considered personal property.

Teriano advised NSB that she did not receive notice of the first hearing. NSB advised Teriano that a notice of the hearing on the petition for reconsideration would be given, but the second notice was also sent to an incorrect address, and Teriano did not receive notice of that hearing either. The attorney who drafted the Trust did not receive notice of or attend the second hearing. The probate court denied the petition for reconsideration because the drafting attorney failed to appear.

Following the probate court's denial of the motion for reconsideration, Teriano retained new counsel, who prepared and filed an order denying the motion for reconsideration. Teriano's new counsel also filed a notice of entry of order denying the petition for reconsideration and copied all counsel.

NSB questioned Teriano's intention to challenge the probate court's order and advised Teriano that it would proceed with the distribution of the entire Trust. More than thirty days after Teriano's written notice of the order's entry, NSB distributed $100,000 and the paintings to Marsala and the remaining Trust property and Trust jewelry to Teriano. Marsala later sold the paintings.

More than a year after the distribution of Teriano's Trust property, Teriano filed a petition for an order surcharging trustee NSB for breach of fiduciary duty, or in the alternative, to vacate as void the court's order finding that the paintings were "home furnishings." A hearing was held on Teriano's petition, with both parties agreeing that Teriano had not received notice of the probate hearing in which the probate court decided the distribution of the paintings.

The district court determined that Teriano had accepted property pursuant to the probate court order and was estopped from challenging the trust distribution order because she waited eighteen months to file the petition. Therefore, the district court denied Teriano's petition to surcharge NSB for breach of fiduciary duty and to vacate the probate court order. This appeal followed.

## DISCUSSION

### *Void judgments, due diligence and equitable estoppel*

NRCP 60(b) provides that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding . . . (4) [if] the judgment is void." The rule further provides that the motion "*shall* be made within a reasonable time."[2]

The standard to be applied in reviewing orders denying NRCP 60(b)(4) motions has thus far been unclear. In *Garcia v. Ideal Supply Co.,* this court held that there is " 'no question of discretion on the part of the court when a motion is made under [NRCP 60(b)(4)].' "[3] The *Garcia* court further noted that " 'there is no time limit on an attack on a judgment as void. . . . [E]ven the requirement that the motion be made within a "reasonable time" . . . cannot be enforced' " under NRCP 60(b)(4) motions.[4]

However, in contrast, this court, four days after the decision in *Garcia,* held in *Deal v. Baines* that a party would not be permitted to challenge the validity of a judgment under NRCP 60(b)(4) when that party was guilty of an unexplained and unreasonable delay.[5] In *Deal,* the defendant moved to vacate a judgment after a two-year delay on the grounds that he was not present at trial and the trial took place beyond the five-year mandatory dismissal period of NRCP 41. This court stated, "[I]t was unreasonable to wait nearly two years to file a motion under Rule [60(b)(4)]."[6]

Most state and federal courts interpreting provisions equivalent to NRCP 60(b)(4) have held that there is no time limit for motions to vacate void judgments.[7] For instance, the Ninth Circuit has stated, "[I]f a judgment is void, a motion to set it aside may be brought at any time."[8] But some courts have acknowledged that re-

---

[2]NRCP 60(b) (emphasis added).

[3]110 Nev. 493, 495, 874 P.2d 752, 753 (1994) (quoting 11 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2862 (1973)).

[4]*Id.*

[5]110 Nev. 509, 512, 874 P.2d 775, 777-78 (1994).

[6]*Id.*

[7]*See U.S. v. One Toshiba Color Television,* 213 F.3d 147, 157 (3d Cir. 2000) (stating that "nearly overwhelming authority exists for the proposition that there are no time limits with regards to a challenge to a void judgment"); *Hertz Corp. v. Alamo Rent-A-Car, Inc.,* 16 F.3d 1126, 1130 (11th Cir. 1994) (observing that the First, Fifth, Seventh, Tenth and D.C. Circuits hold that Rule 60(b)(4) motions are not subject to a reasonable-time limitation); *Ex Parte Full Circle Distribution, L.L.C.,* 883 So. 2d 638, 642-43 (Ala. 2003) (collecting federal and state cases that impose no time limit); *Fisher Systems Leasing v. J & J Gunsmithing,* 21 P.3d 946, 951 n.4 (Idaho Ct. App. 2001) (recognizing that "many other jurisdictions have severely relaxed or completely done away with the 'reasonable time' requirement as to Rule 60(b)(4) motions").

[8]*In re Center Wholesale, Inc.,* 759 F.2d 1440, 1448 (9th Cir 1985).

lief from a void judgment or order may be denied in exceptional circumstances.[9] However, those courts did not articulate the grounds for exceptional circumstances, and the source of the exceptional circumstances doctrine, *Moore's Federal Practice,* no longer adheres to the doctrine.[10] We further note that the majority rule permits an attack on a void judgment at any time, but a minority of courts have recognized that lack of diligence may preclude relief.[11]

*Garcia* and the majority position disregard the express language of NRCP 60(b), which requires such motions to be made within a reasonable time. They rely on the following commentary by Professors Wright and Miller:

> Necessarily a motion under this part of the rule differs markedly from motions under the other clauses of Rule 60(b). There is no question of discretion on the part of the court when a motion is under Rule 60(b)(4). Nor is there any requirement, as there usually is when default judgments are attacked under Rule 60(b), that the moving party show that he has a meritorious defense. Either a judgment is void or it is valid. Determining which it is may well present a difficult question, but when that question is resolved, the court must act accordingly.
>
> By the same token, there is no time limit on an attack on a judgment as void. . . . [E]ven the requirement that the motion be made within a "reasonable time," which seems literally to apply . . . cannot be enforced with regard to this class of motion.[12]

As the commentators recognize, however, the rule's language does not exclude challenges to void judgments from the reasonable-time requirement.[13]

---

[9]*Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind,* 841 F.2d 646, 649 n.6 (5th Cir. 1988); *Pacurar v. Hernly,* 611 F.2d 179, 181 (7th Cir. 1979). *See generally McDaniel v. U.S. Fidelity & Guar. Co.,* 478 S.E.2d 868, 870-71 n.1 (S.C. Ct. App. 1996) (compiling federal and state cases).

[10]*See* 12 *Moore's Federal Practice* § 60.44[5][c] (3d ed. 2004); *Bludworth,* 841 F.2d at 649 n.6.

[11]*E.g., Corathers v. Facemire,* 404 S.E.2d 769 (W. Va. 1991) (motion filed twenty-eight years after judgment entered); *McDaniel,* 478 S.E.2d at 870 (concluding the court is bound to follow the reasonable-time requirement in Rule 60(b)(4)).

[12]11 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2862, at 322-24 (2d ed. 1995) (footnotes omitted).

[13]*Id.* at 324 (stating that "the requirement that the motion be made within a 'reasonable time,' which seems literally to apply to motions under Rule 60(b)(4), cannot be enforced").

If the language of a court rule is clear and unambiguous, the court must conclude that the plain meaning of the rule was intended and enforce the rule as written.[14] This court has previously declined to formulate exceptions to the plain language of a rule.[15]

While *Garcia* previously recognized that motions to set aside void judgments are not subject to a time limit, we confirm that courts retain the discretion to apply lack of diligence principles to NRCP 60(b)(4) void judgment challenges. To the extent that *Garcia* precludes any consideration of lack of diligence, it is overruled.

We recognize that judgments, once found to be void, should generally be set aside. But we see no reason to ignore the express language of a rule that requires the district courts to consider the timeliness of a motion to set aside a void judgment when determining whether exceptional circumstances, such as lack of diligence or equitable estoppel, exist to justify denying the motion. The reasonableness of the time taken to set aside such judgments is an important factor in such cases.

Lack of diligence is generally a factual issue for the district court's consideration.[16] Whether the party seeking to establish equitable estoppel has met his or her burden is also generally a question of fact.[17] But when the facts are undisputed or when only one inference can be drawn from the facts, then the existence of equitable estoppel becomes a question of law.[18] The decision to apply equitable estoppel is committed to the district court's sound discretion, and the court's decision is therefore reviewed under an abuse of discretion standard.[19]

---

[14]*Anheuser Busch v. Industrial Claim Office,* 28 P.3d 969, 970 (Colo. Ct. App. 2001); *Hill v. Sacka,* 666 N.W.2d 282, 287 (Mich. Ct. App. 2003) (applying plain meaning rule to statutory construction).

[15]*Prostack v. Lowden,* 96 Nev. 230, 231, 606 P.2d 1099, 1100 (1980).

[16]*McDaniel,* 478 S.E.2d at 870 (stating that whether a Rule 60(b)(4) motion is brought within a reasonable time "is a matter addressed to the trial judge's sound discretion"); *Perry v. Kroger Stores,* 741 S.W.2d 533 (Tex. App. 1987) (discussing lack of diligence in service of process context).

[17]*See Breliant v. Preferred Equities Corp.,* 112 Nev. 663, 674, 918 P.2d 314, 321 (1996) (stating that burden of proving equitable estoppel is on party asserting estoppel); *Sword v. Sweet,* 92 P.3d 492, 499 (Idaho 2004) (recognizing that whether laches, a species of equitable estoppel, may apply is primarily a fact question); *Hawthorne Trust v. Maine Sav. Bank,* 618 A.2d 828, 831 (N.H. 1992) (noting that existence of equitable estoppel is fact question).

[18]*See, e.g., Nugent v. Slaght,* 638 N.W.2d 594, 602 (Wis. Ct. App. 2001).

[19]*Sword,* 92 P.3d at 499; *Nugent,* 638 N.W.2d at 602; *Thompson v. Bd. of Cty. Com'rs of Sublette,* 34 P.3d 278, 280 (Wyo. 2001).

"Equitable estoppel functions to prevent the assertion of legal rights that in equity and good conscience should not be available due to a party's conduct."[20] This court has previously established the four elements of equitable estoppel:

> (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party to be estopped.[21]

Among other things, "silence can raise an estoppel quite as effectively as can words."[22]

Although the district court did not specifically make formal findings with respect to the four elements of equitable estoppel, it determined that Teriano should be estopped from asserting a lack of notice. In this case, the facts were undisputed; consequently, the existence of equitable estoppel is a question of law, which we review de novo.[23] Additionally, if express findings are lacking, we may imply findings when, as in this case, the evidence clearly supports the district court's conclusion.[24]

Here, instead of challenging the probate court's oral denial of the reconsideration petition, Teriano's counsel filed a proposed order and notice of entry of order denying the reconsideration petition. This order propelled distribution of Trust assets to Teriano, which she enjoyed for more than a year before filing her petition. Given that Teriano's attorney drafted and filed the written order denying reconsideration, the Trustee could reasonably assume Teriano would not challenge the distribution order and, therefore, distributed the Trust assets in accordance with the order.

---

[20]*Topaz Mutual Co. v. Marsh,* 108 Nev. 845, 853, 839 P.2d 606, 611 (1992) (citing *United Brotherhood v. Dahnke,* 102 Nev. 20, 22, 714 P.2d 177, 178-79 (1986)).

[21]*Cheqer, Inc. v. Painters & Decorators,* 98 Nev. 609, 614, 655 P.2d 996, 998-99 (1982).

[22]*Id.* at 614, 655 P.2d at 998-99.

[23]*See, e.g., Clark County v. Sun State Properties,* 119 Nev. 329, 72 P.3d 954 (2003). In cases where facts are disputed, the decision to apply equitable estoppel is committed to the district court's sound discretion, and the court's decision is therefore reviewed under an abuse of discretion standard. *Sword v. Sweet,* 92 P.3d 492, 499 (Idaho 2004); *Nugent v. Slaght,* 638 N.W.2d 594, 602 (Wis. Ct. App. 2001); *Thompson v. Bd. of Cty. Com'rs of Sublette,* 34 P.3d 278, 280 (Wyo. 2001).

[24]*Hannam v. Brown,* 114 Nev. 350, 357, 956 P.2d 794, 799 (1998).

We conclude that under these circumstances, the district court did not abuse its discretion in finding that Teriano unreasonably delayed filing a petition to set aside a void judgment, and in applying equitable estoppel to Teriano's petition. She did not appeal the initial probate court order, although she learned of the ruling promptly after the hearing. She did nothing to prevent the distribution of the paintings that occurred in late 2001. Instead, Teriano's attorneys filed an order and notice of entry of order, which effectively confirmed the distribution. Teriano did not file her NRCP 60(b) petition, arguing that the paintings should have gone to her, until eighteen months after the probate hearing and more than a year after the distribution of all the Trust property. Before Teriano filed her Rule 60(b) petition, NSB justifiably relied on the distribution order and distributed the paintings to Marsala who later sold them. Teriano had the advice of two counsel, knew of the notice defects, and consciously decided to accept her share of the Trust assets rather than objecting to the distribution of the paintings to Marsala. The findings of lack of diligence and application of equitable estoppel are proper, and the district court did not err in denying Teriano's petition under NRCP 60(b)(4) to set aside as void the distribution order.

## Breach of fiduciary duty

Teriano claims that the district court erred in denying her petition to surcharge NSB for breach of fiduciary duty, arguing that a trustee has a fiduciary duty to provide notice to a trust beneficiary and that NSB breached that duty by repeatedly mailing her notice to an incorrect address.

Because NSB was acting in accordance with an order this court has deemed beyond challenge, we conclude that there is no breach of fiduciary duty for which NSB could be surcharged. We conclude that the district court properly denied Teriano's motion to surcharge.

## CONCLUSION

We conclude that the district court did not err in denying Teriano's motion under NRCP 60(b)(4) to set aside as void its previous order. We recognize that there is no time limit to challenge a judgment as void. However, NRCP 60(b) specifically provides that motions to challenge orders as void must be made within a reasonable time. Therefore, courts may deny motions to set aside void judgments when there exist exceptional circumstances such as a lack of diligence or when equitable estoppel principles apply. Under the circumstances of this case, the district court's decision

to deny the motion to set aside was proper. We also conclude that the district court did not err in denying Teriano's petition to surcharge NSB. Accordingly, we affirm the district court's order.

BECKER, C. J., and ROSE, J., concur.