An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL STEVE COX,
Appellant,
vs.
THE STATE OF NEVADA, IN
RELATION TO THE NEVADA
DEPARTMENT OF CORRECTIONS,
BOARD OF PRISON
COMMISSIONERS; GOVERNOR
SANDOVAL; CATHERINE CORTEZ
MASTO; L. MILLER; G. COX; DR.
BANNISTER; C. LESLIE; THE
HONORABLE DAN L. PAPEZ; THE
HONORABLE JAMES W. HARDESTY;
THE HONORABLE NANCY M. SAITTA;
THE HONORABLE RON
PARRAGUIRRE; E.K. MCDANIEL;
ENDEL; BROOKS; LARGE; COX;
BRAKBIL; LT. HENDRIX; C/O
DONAHUE; C/O MANNING; C/O
HUTCHERSON; C/O BRANSKE;
NURSE MURPHY; DRAIN; WILLIS;
SGT. KIRCHIN; MARSHAL; SKOLNIK;
ROUNDY; DR. MACARTHUR; L. IRVIN;
R. REED; NEVEN; B. LEMICH;
ROSENBURG; R. WILLIAMS; C/O
TOLBERT; S.S. MITH; C. TRIPP; C/O
BAKARIE; SGT. HOUSTON; ATTY.
GEN. CHANO; DEP. ATTY. GEN.
OUIELA, III; WHORTON; MCNEELY;
REXWINKLE; AND PERALTA,
Respondents.

No. 62712

FILED

SEP 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court order dismissing a civil rights action. Seventh Judicial District Court, White Pine County; Steve L. Dobrescu, Judge.

Appellant, an inmate proceeding in forma pauperis, submitted a civil rights complaint to the district court asserting that respondents had

14-30369

conspired to prevent other cases he had filed from being removed to federal court for resolution, thereby violating his constitutional rights. The district court granted the motion to proceed in forma pauperis and filed the complaint, but declined to issue summonses until the court could determine whether the complaint had "an arguable basis either in law or in fact." *See Jordan v. State ex rel. Dep't of Motor Vehicles & Public Safety*, 121 Nev. 44, 57-58, 110 P.3d 30, 41 (2005) (holding that the district court may review in forma pauperis complaints for frivolity and may defer issuing a summons until it has completed its review), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 121 Nev. 224, 228 n.6, 181 P.3d 670, 672 n.6 (2008).

Instead, the court directed appellant to file points and authorities demonstrating that he was legally and factually entitled to the relief he sought if his allegations were proven. Appellant's initial response to this directive was not satisfactory to the district court, as it failed to provide specific facts and legal authority demonstrating that appellant was entitled to the requested relief. But recognizing that pre-service dismissal was an "extreme action," *id.* at 58, 110 P.3d at 41, the district court issued a second order directing appellant to amend his complaint to cure any defects therein and ordering him to show cause why he should not be deemed a vexatious litigant. Appellant failed to amend his complaint as directed, and instead filed a responsive pleading raising numerous allegations that were not contained in and do not relate to the allegations from the initial complaint. Thereafter, the district court dismissed the complaint with prejudice and entered an order declaring appellant a vexatious litigant. This appeal followed.

Having considered the record on appeal and appellant's civil proper person appeal statement, which merely reasserts the claims included in his complaint, we conclude that the district court properly

dismissed the underlying case. In particular, appellant's appeal statement fails to address the propriety of the district court's dismissal of his complaint and how his post-complaint filings complied with the court's two orders, which were intended to allow appellant to correct the issues with his complaint.[1] As noted above, the district court provided appellant with both an opportunity to explain why his complaint had an arguable basis in law or in fact and an opportunity to amend the complaint to cure any defects. But appellant failed to provide any legal support for his causes of action and failed to file an amended complaint as directed. Under these circumstances, the dismissal of appellant's complaint must be affirmed. *See* NRCP 11(b)(2) and (c) (permitting a district court to sanction a proper person party for filing a complaint that is not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law"); *Jordan*, 121 Nev. at 57-58, 110 P.3d at 41; *see also Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. ___, ___ n.3, 252 P.3d 668, 672 n.3 (2011) (recognizing that a party waives all arguments not asserted on appeal).

It is so ORDERED.

_____ C.J.
Gibbons

_____, J.
Douglas

_____, J.
Cherry

---

[1]Appellant likewise makes no arguments regarding the portion of the challenged order declaring him to be a vexatious litigant.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Steve L. Dobrescu, District Judge
        Michael Steve Cox
        Attorney General/Carson City
        White Pine County Clerk