An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL STEVE COX,
Appellant,
vs.
THE STATE OF NEVADA, IN
RELATION TO THE NEVADA
DEPARTMENT OF CORRECTIONS;
GOV. SANDOVAL; A.G. MASTO; G.
COX; DR. BANNISTER; BAKER;
WATSON; DR. KOEHN; N. JONES;
AWP BYRNE; LT. HOUSTON;
RAMSEY; PUGH; SILVERSTEIN;
AKIMA; THOMPSON; ROMERO;
COLLARD; HERRER; MINGO;
HAMMOCK; BOARDMAN; BOYNTON;
KERR; SGT. HUNT; MS. HEALER; DR.
SENA; ASST. LUCE; LT. PECK;
MORKOFF; STEPHEY; GODYO;
SOUTHWORTH; MOORE; FLETCHER;
OXBORROW; MS. SANDOVAL;
YOUNG; RADFORD; DAVIS; N.
GERGENSEN; WALSH; T. JACOBS;
DR. MAR; DR. SWOON; BLOOMFIELD;
HOWELL; AND SOLAR,
Respondents.

No. 65892

FILED

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court order dismissing a civil rights action. Seventh Judicial District Court, White Pine County; Gary Fairman, Judge.

Appellant is an inmate who was previously declared a vexatious litigant by the Seventh Judicial District Court. As a vexatious litigant, appellant is required to submit an application seeking leave to file

a complaint in order to institute a new civil action. *See Jordan v. State ex rel. Dep't of Motor Vehicles & Public Safety*, 121 Nev. 44, 59, 110 P.3d 30, 41-42 (2005) (recognizing that Nevada courts have the inherent "power to permanently restrict a litigant's right to access the courts"), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 121 Nev. 224, 228 n.6, 181 P.3d 670, 672 n.6 (2008). In the application, appellant is required to state under oath (1) that he is in imminent danger of serious physical injury with supporting facts and legal authority demonstrating that the court could remedy the threat with legal action; (2) whether the claims had been raised in a previous case, and if so, to provide the case number and court where the claims had been raised; (3) that appellant had previously been declared a vexatious litigant in the Seventh Judicial District and to identify any other courts where he had been labeled a vexatious litigant; and (4) that the claims were not frivolous, not made to vex and annoy, and not brought in bad faith.

In this case, appellant failed to submit an application containing the required information and did not otherwise provide the information required by the vexatious litigant order. On appeal, appellant largely restates the causes of action from his complaint, and he does not provide any grounds for this court to reverse the district court's dismissal of the complaint for failure to comply with the vexatious litigant order. While appellant also argues that, as an indigent person proceeding in forma pauperis, he is unable to produce the hundreds of copies required to comply with the vexatious litigant order, neither the court below nor the vexatious litigant order required appellant to submit any such documents.

Thus, we conclude that the district court properly dismissed appellant's complaint for failure to comply with the vexatious litigant order. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                Cherry

cc:     Hon. Gary Fairman, District Judge
        Michael Steve Cox
        White Pine County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A