# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| STACEY L. MOTT, N/K/A STACEY TORRE,<br>Appellant,<br>vs.<br>JUSTIN JOSEPH MOTT,<br>Respondent. | No. 70402 |

**FILED**

SEP 11 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to modify a decree of divorce and restore parental rights. Eighth Judicial District Court, Family Court Division, Clark County; Cheryl B. Moss, Judge.

Appellant Stacey L. Mott, now known as Stacey L. Torre, and respondent Justin Joseph Mott married in 1997 and had three children together. Stacey filed for divorce in 2006. As part of the divorce proceedings, the parties reached a settlement agreement in which Justin agreed to voluntarily terminate his parental rights. Following the divorce, Stacey married another man who sought to adopt the children, although the adoption decree was never filed pursuant to NRS 127.160.

Approximately nine years later, after learning that Stacey and her husband were both being investigated for child abuse, Justin filed a motion to modify the divorce decree to overturn the termination of his parental rights as void because the statutory requirements were not formally followed. The district court ruled that the termination was void ab initio, reinstated Justin's parental rights, and ruled the adoption was moot. *See* NRCP 60(b)(4). Stacey now appeals, arguing the district court should have applied equitable principles to uphold the termination of Justin's parental rights even if it was technically void.

"Termination of parental rights is an exercise of awesome power." *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 795, 8 P.3d

126, 129 (2000) (internal quotation marks omitted). "Accordingly, this court closely scrutinizes whether the district court properly preserved or terminated the parental rights at issue." *In re Parental Rights as to T.M.C.*, 118 Nev. 563, 566, 52 P.3d 934, 936 (2002) (quoting *In re N.J.*, 116 Nev. at 795, 8 P.3d at 129). "Due process requires that clear and convincing evidence be established before terminating parental rights." *In re N.J.*, 116 Nev. at 795, 8 P.3d at 129.

NRS Chapter 128 requires the filing of a petition to terminate parental rights. *See, e.g.*, NRS 128.030 ("Place for filing petition."); NRS 128.040 ("Who may file petition; investigation."); NRS 128.050 ("Entitlement of proceedings; contents of verified petition."); NRS 128.060 (concerning notice and service). Indeed, NRS 128.050 mandates how the petition is to be titled and the content to appear therein, and NRS 128.060 requires notice and service of the petition. Additionally, NRS 128.110(1) requires that any order terminating parental rights be entered "upon finding grounds for the termination of parental rights pursuant to NRS 128.105 *at a hearing upon the petition*." (Emphasis added.) Specifically, a district court cannot terminate parental rights without "find[ing] at least one of the enumerated factors for parental fault" under NRS 128.105. *In re T.M.C.*, 118 Nev. at 566, 52 P.3d at 936 (quoting *In re N.J.*, 116 Nev. at 801, 8 P.3d at 133). "Even if the parent engages in conduct that satisfies the parental fault provisions of NRS 128.105," *id.* at 569, 52 P.3d at 937, however, "the court must give primary consideration to the child's best interests." *Id.* at 566, 52 P.3d at 936. Thus, a parent cannot voluntarily terminate his own parental rights and obligations unless a court determines that such termination is in the child's best interest. *Id.* at 569, 52 P.3d at 937.

Here, because filing a petition and conducting a termination hearing on that petition are not mere formalities under NRS Chapter 128, Stacey was not relieved of her burden to present clear and convincing

evidence that terminating Justin's parental rights was warranted simply because Justin voluntarily agreed to the termination. Furthermore, even though Justin agreed to terminate his parental rights by signing the divorce decree, the district court was nonetheless required to determine that termination was in the children's best interest. Because the statutory procedure for termination was not followed—i.e., no separate petition was filed and no hearing was held, and because the divorce decree and termination does not set forth sufficient factual findings concerning parental fault and the children's best interests, the district court correctly determined that the termination of Justin's parental rights was void.[1] Therefore, we conclude the district court properly determined that the termination of Justin's parental rights was void ab initio.

Additionally, we conclude that the district court did not abuse its discretion in refusing to consider whether equitable principles warranted denying Justin's motion to restore his parental rights. *See In re Harrison Living Tr.*, 121 Nev. 217, 222, 112 P.3d 1058, 1061 (2005) ("The decision to apply equitable estoppel is committed to the district court's sound discretion, and the court's decision is therefore reviewed under an abuse of discretion standard."). "Severance of the parent and child relationship is a matter of such importance in order to safeguard the rights of parent and child as to

---

[1]We do not agree with our dissenting colleagues' assertion that the district court's findings "substantially comply with the requirements of NRS Chapter 128" because the district court found parental fault under NRS 128.105 and that termination would be in the children's best interest. In relevant part, the decree provided that "the subject minor children have been neglected with[in] the purview of Chapter 128 of the Nevada Revised Statutes in that [Justin] has failed to provide for their support and maintenance for the past two (2) years" and "the termination of [Justin]'s parental rights is in the best interests of the subject minor children." Such conclusory findings, which are set forth in a divorce decree and based on the parties' stipulation, do not satisfy the requirements of NRS Chapter 128.

 

require judicial determination." NRS 128.005(2)(a). Consequently, judicial estoppel need not be applied where, as here, the termination of parental rights was based on stipulation and wholly ignored the procedural protections provided in NRS Chapter 128. *See, e.g., In re Marriage of Jackson*, 39 Cal. Rptr. 3d 365, 375 (Ct. App. 2006) (indicating that judicial estoppel does not apply where, based on significant procedural irregularities, "the court's act violate[s] a comprehensive statutory scheme and considerations of public policy"); *In re Marriage of Goodarzirad*, 230 Cal. Rptr. 203, 206 (Ct. App. 1986) ("[S]tipulations between parents involving the minor children which attempt to divest the court of jurisdiction are void and the doctrine of estoppel does not apply."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Parraguirre

---

[2]While we affirm the restoration of Justin's parental rights, we note that the scope and significance of those rights with respect to the custody and care of the minor children is an impending matter for the district court. The district court has the discretion to determine a custody and visitation schedule that is in the children's best interest and minimizes disruption in the children's lives.

cc:    Hon. Cheryl B. Moss, District Judge, Family Court Division
       Robert E. Gaston, Settlement Judge
       Pecos Law Group
       Law Offices of Steven J. Parsons
       Eighth District Court Clerk

 

STIGLICH, J., with whom HARDESTY, J., and PICKERING, J., agree, dissenting:

Although I agree that the 2007 proceedings were plagued by significant procedural errors, I must dissent from the majority's decision to restore Justin Mott's parental rights. Given Justin's nine-year delay in challenging the termination, the district court erred in failing to consider whether equity should bar relief.

The provisions of NRS Chapter 128 ensure that a parent in a termination proceeding receives due process rights including, among other things, clear and definite notice of the allegations justifying termination and an opportunity to be heard to defend against the allegations. *See In re Parental Rights as to N.D.O.*, 121 Nev. 379, 382, 115 P.3d 223, 225 (2005). The district court must then determine parental fault as defined by several enumerated categories and find that the termination is in the best interests of the child. *See* NRS 128.105.

The district court did not follow the precise procedure when it terminated Justin's rights. Nonetheless, Justin received due process protection that substantially satisfied the policy goals behind the statutory scheme. Justin was on actual notice that his rights would be terminated due to neglect when he voluntarily signed the Decree of Divorce and Termination before a notary. Justin subsequently waived his opportunity to be heard at the termination hearing conducted by the district court. At that hearing, Stacey testified that Justin had an ongoing drug and alcohol problem, she had been essentially raising the

children alone for four years, she had the financial resources to care for the children, and her new fiancé planned to adopt the children. The district court found parental fault pursuant to NRS 128.105 as Justin had failed to provide support for the children for the preceding two years. The district court further determined that the termination of Justin's parental rights was in the best interest of the children. These findings substantially comply with the requirements of NRS Chapter 128.

Even assuming the 2007 proceedings were insufficient, we note that Justin acknowledges that he was aware that his rights had been terminated, but that he nonetheless waited nine years to challenge the termination. In these circumstances, the district should have considered whether equity bars relief.

Notably, Justin filed his motion under NRCP 60(b)(4), which provides relief from a void judgment upon a motion "made within a reasonable time." The district court order did not consider whether Justin's motion was filed within a reasonable time. By affirming, the majority position "ignore[s] the express language of a rule that requires the district courts to consider the timeliness of a motion to set aside a void judgment when determining whether exceptional circumstances, such as lack of diligence or equitable estoppel, exist to justify denying the motion." *In re Harrison Living Trust*, 121 Nev. 217, 222, 112 P.3d 1058, 1061 (2005). Where such circumstances exist, "[t]he reasonableness of the time taken to set aside such judgments is an important factor." *Id.*

Equitable defenses like estoppel function "to prevent the assertion of legal rights that in equity and good conscience should not be available due to a party's conduct." *Id.* at 223, 112 P.3d at 1061-62

(internal quotation marks omitted). While the termination of parental rights is among the most serious of legal proceedings, these equitable considerations still apply. *See, e.g., Turner v. Turner,* 473 S.W.3d 257, 260 (Tenn. 2015) (declining to invalidate a default judgment terminating parental rights when a mother waited more than eight years to seek relief); *In re E.R.,* 385 S.W.3d 552, 555 (Tex. 2012) (noting that that "because a parent must remain vigilant with respect to [his or] her child's welfare, and because courts must always consider the child's best interest, a parent who learns about a judgment terminating the bonds to [his or] her child must act diligently to restore that right").

The underlying circumstances of this case are undeniably unfortunate. Nonetheless, the equitable considerations protecting the finality of judgments must equally apply to both happy and unhappy families. In this case, the record is devoid of any evidence to excuse Justin's nine-year delay in challenging the termination. Therefore, I would remand this matter to the district court for consideration of whether Justin filed his motion within reasonable time pursuant to NRCP 60(b)(4).

_____, J.
Stiglich

We concur:

_____, J.
Hardesty

_____, J.
Pickering

