# IN THE SUPREME COURT OF THE STATE OF NEVADA

TMM, INC., A NEVADA
CORPORATION; AND DIGITAL
FOCUS, INC., A CALIFORNIA
CORPORATION,
Appellants/Cross-Respondents,
vs.
DIMENSION, INC.; DIGITAL FOCUS
MEDIA, INC.; LAWRENCE F. PANIK,
INDIVIDUALLY; BRUCE HOYT,
INDIVIDUALLY; LYMAN P. HURD,
INDIVIDUALLY; AND JOHN ELTON,
INDIVIDUALLY,
Respondents/Cross-Appellants.

No. 72025

**FILED**

DEC 27 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

LAWRENCE F. PANIK,
INDIVIDUALLY; DIMENSION, INC., A
NEVADA CORPORATION; DIGITAL
FOCUS MEDIA, INC., A CALIFORNIA
CORPORATION; BRUCE HOYT,
INDIVIDUALLY; LYMAN P. HURD,
INDIVIDUALLY; AND JOHN ELTON,
INDIVIDUALLY,
Appellants,
vs.
TMM, INC., A NEVADA
CORPORATION; AND DIGITAL
FOCUS, INC., A CALIFORNIA
CORPORATION,
Respondents.

No. 72779

## *ORDER OF AFFIRMANCE*

These are consolidated appeals from a district court order granting declaratory relief, a district court order denying a petition to correct an order dismissing claims, and cross-appeal from a district court order denying a motion for attorney fees and costs. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

18-910633

This case centers around who owns the license to use a specific computer code, a dispute that has been ongoing since 2002.[1] Appellant/cross-respondents TMM, Inc. (TMMI), and Digital Focus, Inc., (collectively appellants) claim ownership of the code based on a license agreement dating back to 1993. Respondent/cross-appellants (collectively respondents) allege that Digital Focus transferred the code to respondent Digital Focus Media, Inc. (DFMI), through an assignment memorialized in the second addendum to the license agreement in 2000.

In pursuit of exclusive rights to use the code, appellants sued respondents in 2013. Shortly after, they filed a motion to voluntarily dismiss, which the district court granted, and after a series of motions and hearings, the single remaining issue was respondents' declaratory judgment counterclaim. After a bench trial, the district court concluded that respondents have the exclusive right to use the code. It relied in part on the doctrine of equitable estoppel, finding that Digital Focus was estopped from denying that it assigned the code to DFMI. Moreover, the district court refused to award attorney fees and ordered each party to pay their own fees and costs. Upon review of the record on appeal, we conclude that the district court properly applied the doctrine of equitable estoppel and did not abuse its discretion in its order on attorney fees. Therefore, we affirm.

*Equitable Estoppel*

Because the facts central to this case are disputed, the decision to apply equitable estoppel is a factual issue for the district court, which we review for abuse of discretion. *In re Harrison Living Tr.*, 121 Nev. 217, 222, 112 P.3d 1058, 1061 (2005). Under this standard, "[a] district court's

---

[1]We recognize that both parties are familiar with the relevant events, and find no reason to recite the factual and procedural history in full.

findings will not be disturbed on appeal unless they are clearly erroneous and are not based on substantial evidence." *Gibellini v. Klindt*, 110 Nev. 1201, 1204, 885 P.2d 540, 542 (1994).

To determine whether a party seeking to establish equitable estoppel has met his or her burden, this court has established four elements:

> (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party to be estopped.

*In re Harrison Living Tr.*, 121 Nev. at 223, 112 P.3d at 1062 (quoting *Cheqer, Inc. v. Painters & Decorators Joint Comm., Inc.*, 98 Nev. 609, 614, 655 P.2d 996, 998-99 (1982)). Although here the district court did not make express findings with respect to each element, we nonetheless conclude that substantial evidence clearly supports the district court's application of the doctrine of equitable estoppel. *In re Harrison Living Tr.*, 121 Nev. at 223, 112 P.3d at 1062 (noting that where "express findings are lacking, [this court] may imply findings when . . . the evidence clearly supports the district court's conclusion").

We turn first to the license agreement itself, which, as per the second addendum, specifically states "[Digital Focus] has assigned the Agreement to DFMI as part of a merger in which DFMI acquired all the assets of [Digital Focus]." This transfer is substantiated by DFMI's tax return for the year 2000, which listed "Fractal Codes" as an asset. Additionally, emails and letters written by Thomas Simpson, acting on behalf of Digital Focus, to DFMI shareholders, board members, and colleagues, demonstrate proof of an assignment. In these communications, Simpson repeatedly assured DFMI shareholders that DFMI owned the

SUPREME COURT
OF
NEVADA

(O) 1947A

code, warranted that Digital Focus had no claims on the code, and admitted that "[p]aper work transferring the [code] from [Digital Focus] to DFMI [wa]s available for review in the DFMI and [Digital Focus] due diligence books."[2] As a result of these representations and others, former TMMI and Digital Focus shareholders surrendered their stock in exchange for DFMI stock, believing that they were receiving stock in the company that now owned the code. We find this sufficient evidentiary support for the district court's conclusion that DFMI and its shareholders detrimentally relied on the aforementioned representations.

Furthermore, Digital Focus's tax returns from 2002 to 2011 provide additional evidentiary support for the application of equitable estoppel. These returns show that from 2002 to 2011, Digital Focus never listed the license as an asset on its tax returns. Relying in part on this evidence, the district court concluded that as a matter of public policy, appellants should be estopped from "asserting a position contrary to that which it took on its federal tax returns." Appellants did not provide any contradictory evidence, nor did they dispute the validity of the aforementioned tax returns. Therefore, we find no reason to disturb the district court's discretion. *Bldg. Syndicate Co. v. United States*, 292 F.2d 623, 626 (9th Cir. 1961) (applying estoppel and explaining that "[h]aving received a tax benefit over a period of 18 years by its assertion of ownership, appellant should not now be permitted to receive a further very substantial benefit by changing its position").

---

[2]We further note that DFMI issued a press release wherein DFMI represented that "[t]he fractal algorithms, which are at the base of the new DFMI codec, are the only resolution independent fractal algorithms available today," implying that DFMI, not Digital Focus, owned the code.

Appellants argue that despite the language in the second addendum, Digital Focus could not *legally* transfer the license to DFMI absent the corporate formalities required for a merger or assignment. In doing so, appellants misapprehend the doctrine of equitable estoppel. "Equitable estoppel functions to prevent the assertion of legal rights that in equity and good conscience should not be available due to a party's conduct." *Topaz Mut. Co. v. Marsh*, 108 Nev. 845, 853, 839 P.2d 606, 611 (1992). When a party acts in bad faith, he or she can be estopped from later claiming legal protection under principles of equity and fairness. *Id.* Thus, the question for the district court was not one of corporate law. Rather, it was whether Digital Focus, an entity that untruthfully represented that it assigned the license, can now take the legal position that no formal assignment occurred to secure ownership rights over said license. The district court concluded that it cannot, reasoning that because DFMI shareholders detrimentally relied on Simpson's representations when they sold their stock, Digital Focus is "estopped from now denying it made such an assignment." Finding ample evidence to support such a conclusion, we agree.

*Attorney Fees*

"The decision whether to award attorney's fees is within the sound discretion of the district court." *Allianz Ins. Co. v. Gagnon*, 109 Nev. 990, 995, 860 P.2d 720, 724 (1993). Thus, we review the district court's decision to deny respondents' motion for attorney fees for abuse of discretion. *Id.*

On appeal, respondents attempt to categorize their request for attorney fees as two separate requests: one for expenses incurred from defending against appellants' initial claim, and another for expenses incurred from litigating their counterclaims. As to the former, respondents

SUPREME COURT
OF
NEVADA

(O) 1947A

argue that the district court erred by precluding respondents from obtaining attorney fees for expenses incurred before appellants' case was voluntarily dismissed. They further characterize the district court's order as a "refus[al] to even consider whether [respondents] should recover attorney[] fees incurred in defending against Plaintiff's claims." As to the latter, respondents argue that after appellants' case was voluntarily dismissed, appellants maintained frivolous defenses, thus entitling respondents to attorney fees under NRS 18.010, NRS 7.085, and NRCP 11.

First, we note that both requests are functionally the same, as both the initial suit and the remaining counterclaim implicate the same issue of ownership and involve the same evidence. Respondents admitted as much in their motion for attorney fees when they acknowledged that appellants continued to assert the *same claims as defenses* even after dismissal of their initial suit, and by citing the same statutes and rules as the basis for relief for both requests. As such, we are not persuaded by respondents' characterization of the district court's order as an outright refusal to consider awarding attorney fees for expenses incurred from defending against the initial suit. The district court specifically clarified that respondents were *not* precluded from seeking attorney fees as damages under their counterclaim. Accordingly, respondents filed a motion for attorney fees, seeking recovery for *all* fees incurred from litigation. The district court considered the merits of the motion, and decided against awarding fees. Having concluded that respondents' request for fees incurred from litigating their counterclaim is the functional equivalent to their request for fees incurred from defending against the initial suit, we find that the district court's consideration on the merits here is a sufficient ruling on the merits of both requests. Absent an abuse of discretion, we defer to the district court's decision not to award fees.

Supreme Court
OF
Nevada

(O) 1947A

6

Next, we address respondents' claim that they are entitled to attorney fees because appellants' claims and defenses were frivolous or maintained without reasonable ground. Under NRS 18.010(b), a court may award attorney fees to a prevailing party "when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party." "A claim is groundless if 'the allegations in the complaint . . . are not supported by any credible evidence at trial.'" *Allianz Ins. Co. v. Gagnon*, 109 Nev. 990, 996, 860 P.2d 720, 724 (1993) (quoting *W. United Realty Inc., v. Isaacs*, 679 P.2d 1063, 1069 (Colo. 1984)). Moreover, NRS 7.085 provides for attorney fees when the court finds that an attorney "[u]nreasonably and vexatiously" extends a suit, and NRCP 11(b)-(c) permits courts to impose sanctions to deter frivolous claims and defenses. A claim is frivolous if it is "both baseless and made without a reasonable and competent inquiry." *Bergmann v. Boyce*, 109 Nev. 670, 676, 856 P.2d 560, 564 (1993) (internal quotation marks omitted).

Relying on these statutes, respondents argue that because Simpson knowingly lied about assigning the license in his affidavit, and because appellants' case relied on Simpson's fraudulent affidavit, appellants should have known their claims would be estopped. However, there is substantial evidence to support the district court's ultimate conclusion, and under an abuse of discretion standard, we defer to the district court's weighing of the evidence. *See Allianz Ins. Co.*, 109 Nev. at 995, 860 P.2d at 724. Specifically, as the record illustrates, the facts leading up to appellants' initial complaint are complicated and involve multiple corporate acquisitions, misrepresentations, and misleading documentation. At trial, appellants then presented credible evidence supporting their claims that no merger or assignment took place and that they still owned

the license to the code. They presented testimony from shareholders and board members who admitted that they never participated in a formal vote, witnesses who testified that no written merger document was ever drafted between Digital Focus and DFMI, and testimony that no formal documents were filed with the Secretary of State. Moreover, they introduced the 1993 Agreement to demonstrate that Digital Focus, a company TMMI now owned, originally contracted for the code. Although ultimately deemed insufficient, this evidence shows that appellants had reason to believe they had a claim to ownership, and their subsequent defenses were not without reasonable basis. Therefore, the district court did not abuse its discretion in denying respondents' request for fees.

Accordingly, we conclude that the district court's decision to apply the doctrine of equitable estoppel is supported by substantial evidence. Furthermore, the district court was acting within its sound discretion when it denied respondents' motion for attorney fees. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
        Jay Young, Settlement Judge
        Weide & Miller, Ltd.
        Pacific Premier Law Group
        Laxague Law, Inc.
        Eighth District Court Clerk