# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROCKLIN COVENANT GROUP, L.P., A CALIFORNIA LIMITED LIABILITY COMPANY,
Appellant,
vs.
ROD E. GIETZEN, INDIVIDUALLY AND D/B/A YOLANDA'S MEXICAN CAFE; AND YOLANDA'S, INC., A CALIFORNIA CORPORATION,
Respondents.

No. 75532

FILED

JUN 27 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a denial of a motion to vacate or dismiss a foreign judgment and a motion for reconsideration. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

Rod E. Gietzen owns Yolanda's Mexican Café, a California Mexican restaurant chain. In 2006, Gietzen entered into a commercial lease with multiple parties, including Rocklin Covenant Group, L.P. for a new restaurant space in a California shopping center. Rocklin misrepresented to Gietzen that the anchor tenant would be a hardware store. In reality, however, Rocklin was actually targeting 24 Hour Fitness, which did in fact become the anchor tenant. The 24 Hour Fitness patrons monopolized the parking lot, resulting in the restaurant experiencing limited parking space, frustrated customers, and lost business. Gietzen sued in California and won a judgment against Rocklin for breach of contract and breach of the covenant of good faith and fair dealing for $2.3M.

19-27670

During extensive litigation in California involving three different courts, Gietzen filed an application in the Clark County district court to domesticate the foreign judgment and enforce it against Rocklin's Las Vegas real property. Three years later, Rocklin filed a motion to vacate or dismiss the foreign judgment in Nevada. Rocklin argued that the district court should apply Article 39, a contract provision from the underlying lease subject to the initial California action, and limit Gietzen's recovery to Rocklin's interest in the California shopping center. However, that limitation was absent from the underlying judgment. Our district court denied that motion, and later denied Rocklin's motion for reconsideration.[1] This appeal followed.

Rocklin first argues that the district court erred by finding that its motion to vacate or dismiss the foreign judgment was untimely. We disagree. Rocklin filed its motion under NRCP 60(b)(4)(5).[2] "The district court has broad discretion in deciding whether to grant or deny a motion pursuant to NRCP 60(b) [and we] will not disturb that decision absent an abuse of discretion." *Cook v. Cook*, 112 Nev. 179, 181-82, 912 P.2d 264, 265 (1996). NRCP 60(b) provides for relief from a final judgment, including on the basis that the judgment is void or that the judgment has been satisfied, released, discharged, reversed, vacated, or is no longer equitable when applied prospectively. NRCP 60(b)(4)(5). A motion under NRCP 60(b)(4) or (b)(5) must be made "within a reasonable time." NRCP 60(c)(1). This court has opined that "a party would not be permitted to challenge the validity of

---

[1] We do not recount the facts except as necessary to our disposition.

[2] While NRCP 60 was amended on March 1, 2019, those amendments do not impact the analysis here.

a judgment under NRAP 60(b)(4) when that party was guilty of an unexplained and unreasonable delay." *In re Harrison Living Trust*, 121 Nev. 217, 220, 112 P.3d 1058, 1060 (2005).

Here, Rocklin failed to file the motion in a reasonable time as required by NRCP 60(c). Gietzen filed his application of foreign judgment on November 14, 2014. He later filed his notice of filing the application of a foreign judgment on April 13, 2015. Rocklin filed its motion to vacate or dismiss a foreign judgment on September 1, 2017, nearly three years after Gietzen filed his application of foreign judgment and nearly two and a half years after Gietzen filed his notice of filing the application of a foreign judgment. Rocklin argues that the parties agreed that Rocklin could file a motion to vacate in September 2017, after entering into a settlement agreement, and so there was no unreasonable delay. However, the parties did not enter into the settlement agreement until July 21, 2017. So, this does not adequately explain the two- to three-year delay between Gietzen's application and notice and the filing of the motion to vacate or dismiss the foreign judgment.

We have previously held that a two-year delay without explanation is not reasonable. *Deal v. Baines*, 110 Nev. 509, 512, 874 P.2d 775, 776-78 (1994). And, the district court may consider lack of diligence when determining whether to deny an NRCP 60(b)(4) motion. *See In re Harrison Living Trust*, 121 Nev. at 220-24, 112 P.3d at 1060-62 (holding an

18-month delay in filing an NRCP 60(b)(4) motion was unreasonable). Thus, we conclude that Rocklin's motion to vacate or dismiss the judgment as void was not filed within a "reasonable time" as contemplated under NRCP 60,[3] and accordingly we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Timothy C. Williams, District Judge
Robert F. Saint-Aubin, Settlement Judge
Aaron J. Malo, Esq.
Koch & Scow, LLC
Karin D. Vogel, Esq.
Lurie & Seltzer
Greene Infuso, LLP
Eighth District Court Clerk

---

[3]Rocklin makes several other arguments that we decline to address as they are moot in light of our decision. *See Edwards v. City of Reno*, 45 Nev. 135, 198 P. 1090, 1092 (1921) ("Appellate courts do not give opinions on moot questions or abstract propositions.").